(55 South. 552.)

No. 18,449.

Succession of DERIGNY.

MERCIER v. ROSSI.

(March 27, 1911. On Rehearing, June 5, 1911.)

*(Syllabus by Editorial Staff.)*

1. DEPOSITIONS (§ 56*)—NOTICE OF TAKING— NECESSITY.

Under Code Prac. arts. 425, 426, 428, providing for the issuance of a commission to take testimony, and requiring that notice be served on the opposite party before the commission is sent, testimony taken without service of such notice cannot be used.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 90–117; Dec. Dig. § 56.*]

2. DEPOSITIONS (§ 56*)—NOTICE OF COMMISSION—UPON WHOM SERVED.

Notice of a commission to take testimony provided for by Code Prac. arts. 425, 426, 428, can only be served upon a party to a suit.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 90–117; Dec. Dig. § 56.*]

3. DEPOSITIONS (§ 22*)—"ACTE DE NOTORIÉTÉ."

An "acte de notoriété" is the deposition of witnesses taken before a notary, establishing the identity and genealogy of a person accompanied by official certificates from the registers of births, marriages, and deaths.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 33; Dec. Dig. § 22.*]

4. DEPOSITIONS (§ 88*) — ADMISSIBILITY — HEARSAY.

Depositions in an acte de notoriété being taken before a notary are not admissible in evidence, being no more than hearsay statements.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 234–245; Dec. Dig. § 88.*]

5. EVIDENCE (§ 341*) — DOCUMENTARY EVIDENCE — OFFICIAL REGISTERS — AUTHENTICATED COPIES.

Duly authenticated copies of official registers of births, marriages, and deaths are admissible in evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1289–1292; Dec. Dig. § 341.*]

6. DEPOSITIONS (§ 104*)—RIGHT TO OBJECT— ESTOPPEL.

As litigants deal at arms' length, and neither is under any duty to assist the other, an attorney who previous to the institution of a suit had acquired the interest of one made a defendant is not estopped from denying that he was individually served with notice of a commission to take testimony because he filed exceptions for the defendant who was his client, and did not inform the plaintiffs that he was the real owner of the property in litigation.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 300, 301; Dec. Dig. § 104.*]

7. EVIDENCE (§ 580*)—IN OTHER ACTIONS— IDENTITY OF PARTIES.

Evidence taken in a suit to which the litigant was not a party cannot be used against him.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2413; Dec. Dig. § 580.*]

8. EVIDENCE (§ 580*)—IN OTHER ACTIONS— IDENTITY OF PARTIES.

Where a plaintiff, who filed a suit joining numerous parties, dismissed as to some, and filed a supplemental petition against another, the party brought in on the supplemental petition was not a party before the filing of that petition, so that evidence taken previously is inadmissible against him.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2413; Dec. Dig. § 580.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

In the matter of the succession of Albert Derigny. Action by Marguerite Mercier against Anthony J. Rossi. From a judgment for plaintiff, defendant appeals. Judgment set aside, and suit dismissed as a nonsuit.

Benj. R. Forman, for appellant. Hall, Monroe & Lemann and Theodore Cotonio, for appellee.

PROVOSTY, J. Albert Derigny, the de cujus, died on July 20, 1904, leaving a will by which several bequests were made, and Augustine Landry was constituted residuary legatee. Two days after his death, July, 22, 1904, Augustine Landry presented the will in court, and asked that it be probated and ordered executed, and that letters testamentary issue to her, and on the same day an order was made accordingly. An inventory was made showing $32,098.05 of assets; and on July 25, 1904, letters testamentary issued to her. Seven days later, on August 1, 1904, on her petition, an order was made authorizing her to discharge the legacies. These were $5,000 to the Société de Bienfaisance; $1,000 to the Little Sisters of the Poor; $2,500 to the Charity Hospital; and a lot of ground to Mrs. Agnes Castignat. Eight days later, on August 8, 1904, on proof of delivery having been made of these legacies, she was, on her ex parte petition, sent into possession as residuary legatee. One year and nine months later, on May 25, 1906, certain persons, claiming to be the cousins and legal heirs of the de cujus, Albert Derigny, filed a suit against Augustine Landry and said legatees to have the will decreed to be null and to recover the property of the succession. On April 16, 1907, the plaintiffs in said suit were recognized as the legal heirs of the decedent, and entitled, in the absence of a will, to inherit, reserving, however, the question of the validity of the will. On June 26, 1907, the said suit to annul the will was dismissed, on motion of the plaintiffs for the reason that the parties had compromised. On August 20, 1908, the suit involved in the present appeal was filed. It is by Marguerite Mercier. She alleges that she is the first cousin, or fourth degree relation, of the decedent, whereas the persons who have heretofore claimed to be the sole legal heirs of the decedent were related to him only in the sixth degree, and that, therefore, the property of the succession belongs to her. She alleges the nullity of the will, and of the judgment probating it and putting Augustine Landry into possession, and also of the judgment recognizing the said sixth-degree relations as heirs. She makes the said persons and Augustine Landry and the said legatees parties to the suit, as well as a number of other defendants who have in the meantime acquired by purchase different lots of ground belonging to the succession. The plaintiff has compromised with all these parties, and the suit has terminated as to them, except with Anthony J. Rossi, who is now the sole defendant.

[1, 2] We find an insuperable obstacle to plaintiff's suit at the very threshold. It is that, as against Rossi, plaintiff has failed to prove her heirship. The evidence offered and received does make the proof; but it was duly objected to, and the objection should have been sustained. It consists of depositions taken by commission, the commission for the taking of which was issued before Rossi had been made a party to the suit. Articles 425, 426, 428, Code Prac., under the provisions of which a commission to take testimony may be issued, expressly require that notice be served on the opposite party before the commission is sent, in order that he may have an opportunity to cross-examine the witnesses. It is clear that testimony taken without service of such a notice cannot be used; and it is equally clear that until a person is a party to the suit such a notice cannot be served on him.

[3] We find in the record what is known in France as an "acte de notoriété." It consists of the deposition of witnesses taken before a notary, establishing the identity and genealogy of the plaintiff, accompanied by official certificates from the registers of births, marriages, and deaths, showing these

events in the lives of plaintiff and her ascendants.

[4] The admission in evidence of this act of notoriety was properly objected to; it consisting merely of the statements of persons taken in a manner not authorized by our law for the taking of testimony. Succession of Crouzeille, 106 La. 442, 31 South. 64.

[5] The certificates themselves were admissible; they being duly authenticated copies of official registers. 1 Greenleaf, Ev. par. 483, p. 531. But these certificates of themselves, apart from the testimony taken by commission and apart from the act of notoriety, fall short of connecting the plaintiff with the Marguerite Mercier mentioned in them, or of showing the continued existence of Marguerite Mercier.

Plaintiff contends, however, that the defendant, Rossi, is estopped from contesting the regularity of the said commission to take testimony. The estoppel is sought to be derived, as follows: Rossi is the successor in title of C. & H. Gardes. He acquired from them by purchase. The purchase took place on May 29, 1908, some three months before the filing of the present suit, and was by act duly recorded. The plaintiff, not knowing of this transfer of the property by the Gardes to Rossi, brought her suit against the Gardes. Rossi appeared as the attorney of the Gardes, his vendors; and, instead of at once informing the court of the transfer having been made and of his clients being no longer owners of the property, filed exceptions in their behalf tending to the dismissal of the suit. The exceptions were overruled; and he then filed an answer with proper allegation of his clients being no longer owners of the property. The commission for taking the testimony was taken out before the filing of said answer; and due notice was served on C. & H. Gardes, the clients of Rossi.

[6] In support of the estoppel, it is argued that Rossi, instead of filing the exceptions for his clients, should have informed the court of their having transferred the property to him, and of his being now the owner; and that, having failed to speak then, when he should have spoken, thereby misleading the plaintiff to her prejudice, he is estopped from speaking now. And it is argued, further, that the defense which in the name of the Gardes he was making to the suit was in reality his own defense; that it was his own suit he was defending through them; and that, therefore, the notice served on them was to all intents and purposes a notice served on him. Finally, it is argued that, where one whose legal duty it is to defend a suit stands by and sees another defend it, he is bound by the acts of that other, and the judgment in the suit is res judicata as to him; and that, therefore, if Rossi had continued to defend the suit in the name of the Gardes until final judgment, the judgment would have been res judicata as to him; and that, such being the case, he is, in like manner, bound by all the proceedings leading up to judgment.

The fallacy of all these arguments lies in the false assumption which they make that Rossi owed plaintiff any duty; in other words, that the attorney of a defendant owes the duty to bring a light or extend a guiding hand to the plaintiff, if he sees plaintiff floundering in the dark. Nay, that the attorney of the defendant must be careful how he pleads, lest he mislead the plaintiff. But, as we understand the situation, litigants have no right to expect, and do not, in fact, expect any assistance from the attorney of the other side. If the other side is possessed of useful information which they have not, they do not expect the other side to give it. And, if they do not expect such assistance from the opposing litigant, still less do they expect it from his attorney. Litigants in court deal at arms' length with each other;

each is on his guard. Very far from expecting aid from each other they look for nothing but warfare.

[7, 8] It is a plain proposition that testimony taken in a suit to which a litigant was not a party cannot be used against him. Rossi was not a party to the suit in which the commission in question was taken. The suit was against C. & H. Gardes, and it terminated when plaintiff voluntarily dismissed it. The filing of the supplemental petition against Rossi was the institution of a new suit. Where actions against different individuals with distinct and separate interests are cumulated as a matter of form and of convenience in one suit, each separate action is a separate suit, and terminates when dismissed, although the suit of which it was once a component part continues as to the other actions embraced in it. Of this there can be no doubt. Now, let us assume, for illustration, that plaintiff's suit had been originally against the Gardes alone, and that it had been dismissed, and thereby wholly terminated; and that plaintiff had then instituted the present suit against Rossi under a different docket number. Would any one contend that this commission thus taken in another and terminated suit was admissible in evidence against Rossi in the present suit? We imagine not.

We find ourselves constrained to dismiss plaintiff's suit; but only as of nonsuit.

Judgment set aside, and suit dismissed as of nonsuit at plaintiff's cost.

On Rehearing.

The rehearing was granted in this case for the further consideration of the question "whether an attorney is bound, with respect to his individual interest, by proceedings for the recovery of property in a suit in which he represents a defendant, when he, the attorney, is the real owner of the prop-

erty"; the court having been under the impression that plaintiff and his counsel were ignorant of the fact that the present defendant, Rossi, who was then representing the parties who had originally been made defendants, was the owner of the property in controversy. It appears, however, that plaintiff's attorney, Mr. Cotonio, had been advised of Rossi's acquisition of the property before the present suit was instituted, and that he so admitted in the course of certain testimony given by him on the trial, from which it follows that the contention that Rossi is now estopped by any supposed silence on that subject is entirely without foundation in the fact; and counsel seem to concede that such is the case, as they have abandoned the contention. The judgment heretofore rendered is therefore reinstated, and made the final judgment of the court.