NO. 7404

SUCCESSION OF

FRANK FONTANA.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS

# O P I N I O N.

By his Honor John St. Paul.

Frank Fontana was a member of the Order of Druids. The by-laws of the order provided that at his death a benefit of $500 should be paid, to his wife or to his children, or to his relatives by blood, marriage or adoption; that said sum should be his only to the extent that he might select the beneficiary thereof, provided such beneficiary came within the above described limits; and that said fund would form no part of his estate, and be liable for no part of his debts, except when secured by pledge or assignment thereof; all in strict accord with the laws of this State. Act 115 of 1906 and 189 of 1914.

The deceased named no beneficiary and left neither wife nor children; he had neither pledged nor assigned his benefit.

Jules Fontana, residing in Italy and claiming to be the brother and only blood relative of the deceased, claimed the benefit as due to him. He executed a power of attorney in due form in favor of Charles Papini (acting Italian Counsel at New Orleans) giving his attorney express and special power to claim and recover the said benefit, and take such legal proceedings as might be necessary to recover it. He also furnished certain sworn statements showing his relationship.

Papini opened the succession and was appointed administrator thereof. The Druids then paid over to him the amount of the benefit.

Thereafter Papini filed an account in which he represented that he had received said sum, that it formed no part of the estate of the deceased but belonged to his principal for whom he claimed it.

Peter Bavona a creditor of the deceased opposed this account. He claimed that the administrator by accounting for the sum had estopped himself from ####### denying that it was the property of the estate; that in any event there was no proof that Jules Fontana was a relative of the deceased.

96

**1.**

The ~~here~~ *mere* fact that the administrator put the item upon his account under the circumstances above stated cannot have the effect suggested by the opponent. The same point was ~~made~~ *made* before the Supreme Court and overruled in Suc of Mulledy, 47 An 1580. In that case the administratrix placed upon her account certain moneys which Congress had appropriated in favor of the "Heirs ~~of~~ *or* Legal Representatives" of the deceased (a victim of the Ford Theatre catastrophe), and in the same account she claimed it for herself as a blood relative of the deceased. The court held that the said sum formed no part of the estate, and that the administratrix had not estopped herself by accounting for ~~###~~ it in the manner indicated, and was entitled to recover it as her own.

**11.**

It is claimed that exparte statements and affidavits, were inadmissible to show the heirship of Jules Fontana. This might be true were the contest over assets of the succession in which the creditors would then have an interest (Succession of Crousilles 106 La 448-Succession of Derigny 128 La. 853).

But it has no application here. This sum did not belong to the estate and the creditors had no interest whatever therein. Act 115 of 1906-Act 189 of 1914. Succession of LeBlanc 142 An 28, Succession of ~~#######~~ Moberly, *13* ~~is~~ Court of Appeal 371.

As the Druids were not obliged to pay this sum unless there were a blood relative, and as no one is presented to give, the presumption is conclusive that they must have been satisfied from the proofs as furnished, that Jules Fontana was the brother of the deceased.

The why and wherefore of their asking that an administrator be appointed is therefore wholly immaterial; they paid because and __only__ because, they were satisfied an heir had appeared.

97

Under the circumstances it would be to "Out-Herod Herod", to become "more royal than the king", for the courts now to reject that evidence, and declare in effect that no such heir exists, thus incidently declaring the payment made by the Druids as the payment of a thing not due, and therefore subject to recovery by them.

Had the benefit been one of which creditors might have compelled payment, the matter would of course be different.

We are therefore convinced, if law be based on common sense, that we ought to consider and be satisfied with, the evidence which was accepted by and satisfactory to the Druids, who made the payment in good faith for the benefit of the legal heirs and not of the creditors who had no claim whatever against the order.

111.

Insofar therefore as the judgment appealed from orders the funds in the hands of the administrator distributed in accordance with the account, it is correct.

But it was error (probably oversight) not to recognize opponent as creditor of the estate. ##

This failure to recognize opponent's claim is in effect to reject it and would be res judicata in any future proceeding. His proof is regular and sufficient and he is entitled to judgment; for although there are presently no assets here belonging to the succession out of which he can make his claim, nevertheless other assets may be found later on, here or elsewhere, out of which opponent may be liable to realize something.

It is therefore ordered that insofar as the judgment appealed from affirms the account and orders the funds distributed in accordance thereforth, the same is affirmed.

It is further ordered that insofar as said judgment fails to recognize opponent as a creditor of the deceased it is reversed and and it is now ordered that Peter Bévona be and he is hereby recognized as a creditor of the deceased Frank Fontana and of his succession in the full sum of $986.98 with interest at 5% per annum from January 29th 1918, and the costs of both courts (this judgment

however not to interfere in any way with the distribution of

**#** the funds received from the order of Druids in the manner

proposed by the account).

Judgment Amended and Affirmed.