(86 South. 656)

No. 24321.

## In re SOUTHERN COTTON OIL CO.

(Oct. 15, 1920. Rehearing Denied Nov. 29, 1920.)

*(Syllabus by Editorial Staff.)*

Constitutional law ⬥74—Master and servant ⬥347—Employers' Liability Act unconstitutional in requiring court to determine employer's solvency.

Employers' Liability Act, § 22, as amended by Acts 1920, No. 247, § 22, requiring the district court of the employer's domicile, if it appears there is reasonable room for uncertainty as to the financial responsibility of the employer against whom liability for compensation has accrued, to order the employer to furnish bond, etc., *held* violative of Const. art. 96, providing no functions except such as are judicial shall ever be attached to the district court or the several justices or judges thereof; determination of the solvency of an employer not being judicial.

Application for mandamus by the Southern Cotton Oil Company against Hon. Fred A. Middleton and Hon. John E. Fleury, Judges of the Twenty-Eighth Judicial District Court for the Parish of Jefferson. Alternative writ recalled, and application denied.

Miller, Miller & Fletchinger, of New Orleans, for applicant.

J. C. Henriques, of New Orleans, amicus curiæ.

SOMMERVILLE, J. The Southern Cotton Oil Company, an employer of labor in the parish of Jefferson, asks that a mandamus issue directed to Hon. Fred A. Middleton and Hon. John E. Fleury, judges of the Twenty-Eighth judicial district court for the parish of Jefferson, commanding and ordering each of them to receive and enter relator's petition asking that it be declared solvent, after considering the evidence and exhibits to be adduced by relator in proof of its solvency; and to enter an order excusing the relator from taking out insurance and furnishing bond, as is provided by section 22 of Act 247 of 1920, amending section 22 of Act 20 of 1914, known as the Employers' Liability Act.

The said section as amended provides:

"That on or before November 1, 1920, any employer who now comes under the provisions of this act and any employer who may come under the provisions of this act on or before October 1, 1920, and within thirty days after coming under the provisions of this act any employer who may come under its provisions subsequent to October 1, 1920, shall file with the clerk of this district court of the employer's domicile, proof that, in accordance with the provisions of this act, such employer has taken out insurance against all liability that might arise under this act, or shall furnish a bond with good and solvent surety, conditioned for the faithful payment of all liability that might arise under this act, unless excused by the court from taking out such insurance or furnishing such bond upon proof of financial solvency. Any employer failing to comply with the provisions of this section shall, if liable for compensation under this act, be so liable at twice the rate fixed by this act, and shall be liable, to pay in a lump sum to any injured employee entitled to compensation under this act, or to the dependent of any such injured employee such payment as, together with the amount already paid, if any, will aggregate twice the compensation due under this act for such injury.

"2. If it should be made to appear to the satisfaction of the court that there is reasonable

room for uncertainty as to the financial responsbility of an employer against whom liability for compensation has accrued, and that such employer has not taken out insurance against his liability under this act, or has not furnished a bond as in this section provided, the court may order such employer to forthwith furnish a bond with good and solvent surety, conditioned for the faithful payment of all liability that has arisen or might arise under this act."

The respondent judges have replied that relator is not entitled to have the question of its solvency determined by them vel non in their capacity as judges of the Twenty-Eighth judicial district court, for the reason that article 96 of the Constitution provides that no duties or functions shall ever be attached to the district court or to the several judges thereof, except such as are judicial; and respondents show that the determination of the solvency vel non of relator for the purpose of the administration of the Workmen's Compensation Act is an executive, and not a judicial, function; that it is beyond the province of the court to examine or verify the books, records, accounts, or statements of relator, and that the Constitution and statutes of the state have not provided the courts with the necessary machinery or assistance for such work.

They further answer that the act which the relator seeks to compel respondents to perform does not tend to determine what the law is and what the rights of the parties are with reference to transactions that have been had, and does not tend to determine any question of rights or obligations, and is not an exercise of the judicial power.

The return of the respondent judges has been given in full, and it appears that the act sought by relator to be performed by them is in contravention of article 96 of the Constitution, in that it is not judicial in its nature; and a mandamus therefore will not lie to compel them to perform that act.

Article 96 says in part:

"Except as herein provided, no duties or functions shall ever be attached by law to the Supreme Court, Courts of Appeal, or district courts, or to the several justices, or judges thereof, except such as are judicial," etc.

The determination of the solvency of the relator under the compensation act cannot be said to be judicial in its nature; and the respondent judges are forbidden to perform such act.

The alternative writ of mandamus issued herein is recalled, and this application is denied, at the cost of relator.

O'NIELL, J., concurs in the result.