## McLAUGHLIN v. WESTERN UNION TELE-GRAPH CO.

(District Court, E. D. Louisiana, New Orleans Division. July 9, 1925.)

No. 17953.

**1. Courts ☞255—Federal courts are of limited jurisdiction.**

Federal courts are of limited jurisdiction, having jurisdiction only in those specific cases fixed by statute.

**2. Courts ☞23, 37(1)—Consent cannot confer jurisdiction, and want of jurisdiction cannot be waived.**

Consent cannot confer jurisdiction, and want of jurisdiction cannot be waived.

**3. Removal of causes ☞17—Right of removal from a state court to a federal court can be waived.**

Right of removal from a state court to a federal court can be waived.

**4. Estoppel ☞3(3)—Defendant held not estopped by allegations in suit in Texas to obtain an order of removal, when same suit was brought in state court in Louisiana.**

Defendant which alleged, when suit for damages for personal injury was brought against it in federal court in district of Texas, that suit was required to be brought in state of Louisiana subject to compensation laws of that state, and suit was thereon dismissed without prejudice, *held* not estopped from obtaining an order of removal when same suit was brought in state court of Louisiana, especially when there was nothing to show that action of federal court in Texas was based on defendant's contention; Civ. Code, La. art. 2291, being inapplicable.

7 F.(2d)—12

**5. Removal of causes ☞23 — Defendant not prevented from removing suit for personal injuries so far as based on tort, even though alternative cause of action was triable only in the state court.**

In suit for personal injuries, with primary cause of action being for damages as result of a tort, and a claim under Workmen's Compensation Law being in the alternative, defendant could not be prevented from removing suit to a federal court so far as it was based on a tort, even though alternative cause of action were triable only in the state court, either by reason of the nature of the legal right, or because defendant was estopped as to such cause of action from removing it to the federal court.

**6. Courts ☞259 — State Legislature cannot create legal right to be established in a judicial proceeding, and take away from federal court right to try a suit thereunder.**

State Legislature has no power to create a legal right to be established and determined in a judicial proceeding before a court, and either directly or indirectly take away from the federal court the right to try a suit thereunder, when, by reason of diversity of citizenship of the parties, and amount involved federal court has jurisdiction, and defendant a right to invoke it.

**7. Removal of causes ☞23—Suit under Louisiana Workmen's Compensation Law might be removed to federal court, even though procedure in federal court was different than that in state court.**

Louisiana Workmen's Compensation Law creates a substantive right, and proceedings for enforcement thereof are judicial within Const. La. 1921, art. 7, § 3, which right may be enforced by a suit removed to the federal court, where there is the necessary diversity of citizenship and amount involved, even though in the federal courts the issues of fact are required to be tried by a jury, while under the Workmen's Compensation Law the issues are triable without a jury; not all cases being triable by jury in state courts, in view of La. Code Practice, art. 494.

**8. Removal of causes ☞102—Court should not remand where removability is doubtful.**

Where removability is doubtful, the court should not remand, because there is no relief by an appeal from an order remanding.

In Equity. Suit by Thomas H. McLaughlin against the Western Union Telegraph Company. On motion to remand. Remand denied.

Charles F. Borah, of Franklin, La., for plaintiff.

Esmond Phelps, of New Orleans, La., for defendant.

BEATTIE, District Judge. Plaintiff brought suit in the state district court for the parish of St. Mary. Defendant duly obtained an order to remove same to this court on the ground of diversity of citizenship. Plaintiff thereupon appeared in this

court and prayed that the suit be remanded to the district court for the parish of St. Mary.

The basis of this latter motion is that the plaintiff's cause of action is under the Workmen's Compensation Law of Louisiana (Act No. 20 of 1914), and that this law is not enforceable in any federal court, because the methods of enforcing that law are not adaptable to the machinery and methods used in this court.

In support of the motion to remand, the plaintiff further alleges that the defendant waived his right to remove this case from the state court by certain pleadings filed by the present defendant, in a suit by the plaintiff against the same defendant, on the same cause of action, in the United States District Court for the Northern District of Texas, in which pleadings plaintiff contends that the defendant averred that this cause of action could only be tried in the state court of St. Mary parish, La.; and plaintiff contends that, as a result of said pleading and contention, as made in the United States District Court in Texas, the plaintiff took a nonsuit, and thereafter filed this suit in the state court of Louisiana. Plaintiff contends that the defendant is estopped to assert the right to remove this case to this court by reason of the pleading filed in the United States District Court in Texas, wherein the nonsuit was taken.

The questions presented for decision involve questions of fact and of law. The questions of fact are: What pleading defendant filed in Texas, what judgment was rendered in Texas, and whether the judgment was rendered as a result of the plea by which the defendant is now sought to be estopped.

The question of law presented is whether or not—whatever may be the facts—the defendant can be estopped by his pleadings in Texas from obtaining an order to remove this case from the district court for St. Mary parish to this court.

The copy of the plaintiff's petition in Texas shows that it was in the alternative, claiming: First and primarily, damages for personal injury (that is, damages for a tort); second, and in the alternative, and in the event that it be found that he is mistaken in his claim for damages for tort, and in that event only, and as an alternative plea, he asked the court to establish his claim under the Workmen's Compensation Law of Louisiana.

The defendant filed in the Texas court a plea of abatement and a plea to the jurisdiction, alleging that at the time of the injury to plaintiff, he was working under and subject to the terms of said Compensation Law, and that he and the defendant were entitled to the privileges of said act, and subject to the requirements of said act any action brought by plaintiff against the defendant because of said injury "must have been brought and must be brought in the state of Louisiana, and subject to the terms and provisions of said" Compensation Law. Defendant further pleaded the statute of limitations as fixed by said Compensation Law.

To the other cause of action in plaintiff's petition, based upon tort, the defendant pleaded in the Texas court that the plaintiff was injured through no fault or negligence of the defendant, but solely through his own negligence and carelessness.

The judgment of the United States District Court in Texas was prefaced with a statement that all matters of fact and law were submitted, and that the court was of the opinion that the law was with the defendant, and that the plaintiff requested a nonsuit, and "it is therefore ordered, adjudged, and decreed by the court that the plaintiff, Thomas H. McLaughlin, be granted a nonsuit without prejudice herein, upon payment of all costs incurred herein for which execution may issue."

It will be noted that the judgment does not state whether or not it was based in any way upon the plea of the defendant that plaintiff's action, being based upon the Workmen's Compensation Law, could only be brought in the state of Louisiana.

Affidavits are submitted by the attorneys that represented the plaintiff and the defendant in Texas. Plaintiff's attorney swears that, before he knew or had reason to know what the court's decision would be, he requested the court to permit the plaintiff to take a nonsuit without prejudice, and this request was granted. He further says that at one time during the course of the trial the judge said substantially that he believed the plaintiff had been hurt and should be paid, but that he wanted to hear a discussion of the law, and particularly the law on the question of limitation, and thereupon some Louisiana decisions were read by the plaintiff's attorney, which seemed to satisfy the judge on the question of limitation in favor of plaintiff, and that later, before the judge had announced his decision, or made any remark as to what it would be, the affiant stated that there was some doubt in his mind as to whether or not

he was in the right court, and thereupon asked for a nonsuit without prejudice, which was granted.

Affiant further says that it was after the taking of the nonsuit that the judge, just as he left the bench, stated that he was afraid he would have had to sustain the plea of limitation. Affiant further says that his reason for taking the nonsuit was not based upon anything the court said or indicated, but rather upon his conclusion that the interests of his client would be subserved in the state court of Louisiana, thus removing all question as to the jurisdiction of the court, and further, because of the pleadings filed and the contentions of the defendant, the case should and could only be filed in the state court of Louisiana. Affiant further says that the order entered in said cause was not prepared by him, and that the portion thereof, to the effect that "the court being of the opinion that the law is with the defendant," is not in line with the real facts, and that, if the court ever expressed an opinion in favor of the defendant, it was after the nonsuit was taken and not before.

On the other hand, defendant's counsel, in his affidavit, says that it was defendant's contention, under the Louisiana Compensation Law, that, if the federal court had jurisdiction at all, the judge could exercise such jurisdiction only in conformity with the provisions of the law, and must hear the case sitting, not in his usual capacity as a court, but sitting as an arbiter, and that it was ruled by the court that the federal court was a court of competent jurisdiction to hear the plaintiff's cause, but that, because of the provisions of the law, the judge must hear the suit sitting as an arbiter and not in his usual capacity as a court. Affiant further says that, subsequently to the above ruling, plaintiff amended his petition, and a hearing was granted thereon and held before the court sitting as an arbiter, in conformity with the Louisiana Compensation Law, and that a full hearing was had on the merits of the case, and that at the conclusion of the hearing, matters of law were presented, and defendant especially urged the plea of limitation, based upon section 31 of the Compensation Law, and that, upon the basis of the facts as presented and upon the law as urged, the judge indicated in open court that, because of the facts and the law, he would have to sustain the plea of limitation urged by the defendant, and that at this juncture, plaintiff's counsel requested the court not to enter such finding, but to permit him to take a nonsuit, and this request was granted.

From the above it appears that on the questions of fact involved, defendant, by its pleadings in the Texas federal court, did not specifically assert that the suit for the enforcement of the rights under the Louisiana Compensation Law had to be brought in the state court of Louisiana, but the assertion was simply the suit had to be brought in the state of Louisiana, subject to the terms and provisions of the Louisiana Compensation Law, and that the judgment of nonsuit did not state the basis thereof, and whether it was founded on the defendant's contentions that such a suit had to be brought in Louisiana. The affidavit of plaintiff's attorney in the Texas court does state, however, that among his reasons for taking the nonsuit in Texas was the nature of defendant's pleadings and contentions there that the case could only be filed in the state court of Louisiana.

The affidavits of the respective attorneys in Texas are contradictory as to the occurrences during the trial in Texas, and as to the grounds upon which the judge of the federal court in Texas indicated orally his views as to the rights of the parties were based. In view of these contradictory statements by the two attorneys, and as the judgment of the Texas court does not give any reasons, I think that the issue now presented in this case will have to be decided on the face of the pleadings and judgment, without regard to the conflicting affidavits of the two attorneys.

The question, therefore, is whether defendant is and can be estopped by its pleadings in Texas from obtaining an order of removal from the state court of Louisiana to this court.

While it may be that the defendant in Texas intended to assert by its pleadings that such a suit could only be brought in the state courts of Louisiana, the pleadings, as we have seen, assert only that it could be brought only in the state of Louisiana, without saying whether it should be in the federal court in Louisiana or in the state court of Louisiana. Can the defendant be estopped by its pleadings filed in Texas?

[1-3] The federal courts are of limited jurisdiction, having jurisdiction only in those specific cases fixed by statute. Consent cannot confer jurisdiction, and want of jurisdiction cannot be waived. However, the right of removal from a state court to a federal court can be waived. Can a litigant, by alleging and raising in his pleadings a

question of law (as distinguished from allegations of facts) in one court, waive his legal rights on the same proposition of law in another court, when the litigation is between the same parties? Can a litigant be estopped on the question of law from subsequently changing his position on the same question of law, and has the defendant in this case so acted by the filing of its pleadings in Texas as to estop it from now removing the case from the state court of Louisiana to this court?

Law is not an exact science, and there are many questions of law upon which a litigant may be doubtful as to his rights, and as to which he is entitled to a ruling of the court. I think a litigant has at all times a right to raise a doubtful question, and may later take the contrary position as to the same law, at least until this question of law has been authoritatively decided by the court of last resort.

[4] I do not think, therefore, that the defendant, by alleging in Texas that that suit "must have been brought and must be brought in the state of Louisiana and subject to the terms and provisions of said" Compensation Law, has estopped itself from obtaining an order of removal when the same suit is brought in the state court of Louisiana, particularly when there is nothing to show (the affidavits on the subject being contradictory) that the action of the federal court in Texas was based upon defendant's contentions; that is, that defendant's plea was successful, or that plaintiff acted upon, and was prejudiced by, said plea.

Plaintiff has cited Civil Code La. art. 2291, and a number of Louisiana decisions on the question of the effect of judicial confessions and judicial allegations. It is doubtful whether either the statute of Louisiana or the jurisprudence of Louisiana should be given any controlling influence in the decision of this question.

Article 2291 of the Louisiana Civil Code refers to judicial confessions, and provides that same shall be full proof against him who has made them, and cannot be revoked unless proved to be made through an error in fact, and cannot be revoked on a pretense of an error in law. This article, I think, refers to admissions or confessions of fact, and has no reference to contradictory or conflicting declarations on questions of law.

Speaking of this article, the Louisiana Supreme Court, in Farley v. Frost-Johnson Lumber Co., 133 La. 542, 63 So. 122, 137, L. R. A. 1915A, 200, Ann. Cas. 1915C,

717, says: "This article, by the way, has reference only to the judicial confession made in the suit itself, either in the pleadings, or in the note of evidence, for the purpose of dispensing from taking evidence upon the fact admitted; it has no reference to confessions, or admissions, made in other suits."

In the suit just cited, the Louisiana Supreme Court reviews its very numerous decisions on the subject of judicial admissions as made by allegations in the pleadings. This review of the various cases shows much lack of uniformity. Most of the decisions refer to judicial allegations of fact. The conclusion reached by the court in that case, on the question of the judicial allegations of fact, was that parties making the judicial allegations "are not concluded by the allegations made in this former suit [wherein the parties were not all the same as in the later suit in which the decision was rendered], which had in no way been acted on by plaintiffs, or in any way prejudiced them, and therefore do not give rise to any estoppel. These allegations carry some weight, of course, as evidence; but their weight as evidence is overborne by that of the other facts proved in the case."

On pages 527 and 528, 63 So. 132, the court refers to a line of decisions holding "that pleas founded upon law do not estop when unsuccessful."

In Chaffe & Bro. v. Morgan, 30 La. Ann. 1309, the court said: "It is, however, well settled that estoppels cannot be set up against law."

In 21 Corpus Juris, 1231, it is said: "There can be no estoppel where both parties are equally in possession of all the facts pertaining to the matter relied on as an estoppel * * * or where the positions taken involve solely a question of law."

In Mercier v. Rossi, 128 La. 853, 860, 55 So. 552, on rehearing it was held substantially that there can be no estoppel where the facts are communicated to the other side.

In Godwin v. Neustadtl, 47 La. Ann. 851, 17 So. 471, 474, the court said: "Parties are not bound by allegations unsuccessfully pleaded."

In Stockmeyer v. Oertling, 38 La. Ann. 102, the court said: "The doctrine of estoppel, however apparently emphatic, is full of exceptions, which vary according to circumstances, and was never designed to apply to a case like the instant one, in which the declaration made, which is an illegal deduction from facts, has led no one astray and occasioned damage to nobody."

If, as held by some of the authorities above cited, there can be no estoppel where both parties are equally in possession of all of the facts, or where the facts have been communicated to the other side, then, on questions of law, there should be no estoppel when every one is presumed to know the law—one equally as well as another.

Under the rule that pleas founded upon law do not estop when unsuccessful, the converse is also true that the pleas, if they estop at all, can do so only when successful. In the case at bar, the plaintiff urging the estoppel has not shown that the plea founded on law, raised in the federal court in Texas, was successful. The judgment is silent on the question, and the affidavits of the two attorneys are contradictory.

In Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 45, 91 So. 539, 541, the court said: "But, aside from all of this, parties are not bound by judicial allegations of facts which terminate unsuccessfully."

In my opinion there is a wide difference between judicial allegations of facts which operate as solemn admissions of the truth, which may not be known or provable by the other party, and judicial allegations on questions of law, presenting to the court for decision a question of law equally well known to both parties.

The review made by the Louisiana Supreme Court of the very numerous decisions on the subject of judicial allegations in Farley v. Frost-Johnson Lbr. Co., supra, shows that there are many decisions of the Louisiana courts which go very far in sustaining the proposition contended for by the plaintiff that judicial allegations are absolutely binding, and that a party will not be permitted to deny what he has solemnly acknowledged in a judicial proceeding, and that the only means of courts to protect the integrity of judicial proceedings are the sanctity which the law throws around them. I have not been able to analyze all of these decisions to determine to what extent they refer to allegations raising simple questions of law, but, from the examination so far as I have made same, I believe it will be found that most of the allegations referred to in such decisions were allegations of fact, or mixed allegations of facts and law.

In Bierce v. Hutchins, 205 U. S. 340, 347, 27 S. Ct. 524, 525, 51 L. Ed. 828, the court said: "It is quite true, as we have said, that the assertion of a lien is inconsistent with the assertion of a title, Van Winkle v. Crowell, 146 U. S. 42 [13 S. Ct. 18, 36 L. Ed. 880], and therefore, if a lien had been established by judgment or decree, the title would be gone by force of an adjudication inconsistent with its continuance. But the assertion of a lien by one who has title, so long as it is only an assertion and nothing more, is merely a mistake. It does not purport to be a choice, and it cannot be one because the party has no right to choose. The claim in the lien suit, as was said in a recent case, was not an election but an hypothesis. Northern Assurance Co. v. Grand View Building Ass'n, 203 U. S. 106, 108 [27 S. Ct. 27, 51 L. Ed. 109]. The fact that a party, through mistake, attempts to exercise a right to which he is not entitled does not prevent his afterwards exercising one which he had and still has unless barred by the previous attempt."

This case shows that on questions of legal right one may assert at one time one proposition, for instance, in this case, a lien, and at another time another inconsistent proposition, for instance, a title, and that the mere assertion of a mistake on a question of law is not binding.

On the whole, I do not believe that the mere assertion, in its pleadings in Texas, that that suit could be brought only in Louisiana (not merely the state court of Louisiana), particularly in the absence of a judgment specifically sustaining this point, prevents the defendant from removing the suit from the state court of St. Mary parish to this court.

This is my conclusion, even if the only issue involved in the present suit were under the Louisiana Workmen's Compensation Law, but this is not the only issue. Just as in the petition in Texas, so in the petition filed in the state court of St. Mary parish, the principal and primary cause of action is for damages as the result of a tort, and the claim under the Workmen's Compensation Law is only in the alternative, if it be held that the plaintiff is mistaken in his claim for damages as the result of tort.

Two causes of action are alleged by the plaintiff in the same petition. The cause of action based upon tort seems to be the primary and principal one. The defendant's pleading in the federal court in Texas that the suit could be brought only in the state of Louisiana clearly applied only to the claim under the Workmen's Compensation Law.

[5] The defendant cannot be prevented from removing the suit so far as it is based upon a tort, even if the other and second-

ary and alternative cause of action were triable only in the state court, either by reason of the nature of the legal right, or because the defendant is estopped as to this cause of action from removing it to this court.

The next question is whether the nature of the relief sought under the secondary or alternative cause of action, namely, under the Workmen's Compensation Law, is such that the suit is not triable in this court, because the methods of enforcing the Louisiana Workmen's Compensation Law are not adaptable to the machinery and methods used in this court.

Even if such a cause of action were not triable in this court, there remains the primary and apparently principal cause of action based upon a tort. Plaintiff has combined them in the same petition, and, if the cause of action based upon a tort is triable in this court, as it unquestionably is, then the fact of its combination with a claim under the Workmen's Compensation Law (as an alternative claim) cannot defeat the defendant's right to have the case tried in this court.

[6] But I believe that the cause of action under the Workmen's Compensation Law is also triable, and must be tried in this court. I do not think that the state Legislature has the power to create a legal right to be established and determined in a judicial proceeding before a court, and either directly or indirectly take away from the federal court the right to try a suit under this law, when, by reason of diversity of citizenship of the parties and the amount involved, the federal court has jurisdiction, and the defendant has a right to invoke it.

If the state Legislature could not take away this jurisdiction of the federal court directly, it cannot do so by providing methods of procedure inconsistent with, and not adaptable to, the machinery and methods used in the federal courts.

In the federal courts, issues of fact in actions at law must be tried by a jury, while according to the terms of the Workmen's Compensation Law the issues are to be tried without a jury. If a case under this law is brought in or removed to this court, it will have to be tried, according to the constitutional provisions, by a jury. There are other cases in which, in the Louisiana courts, parties are not entitled to a jury, but which, if other jurisdictional conditions exist, may be brought in, or removed to, this court, and then have to be tried by a jury.

The Louisiana Code of Practice, art. 494, provides "that all suits against makers and indorsers of promissory notes, drawers, indorsers and acceptors of bills of exchange, and generally all suits brought on unconditional obligations to pay a specific sum of money, shall be tried without a jury, unless the defendant shall make oath that his signature to said note, or other obligation, is not genuine, or that he expects to prove that same had been obtained through fraud or error, or want or failure of consideration, or in cases where the defendant in his answer may set up a plea of compensation or reconvention, and make oath to the truth of all the allegations in said plea or answer."

In re Mississippi River Power Co. (D. C.) 241 F. 194. The result of the decision, after quoting many authorities to support it, is shown by the syllabus to be as follows:

"The Legislature of the state has power to prescribe a method of assessment, and of the levy and collection, of taxes, without providing for a hearing before any court.

"The trial by the state district court of an appeal taken under Code Supp. Iowa 1907, § 1373, from the action of a board of review in fixing the amount of an assessment for taxation, is the exercise of judicial and not legislative power, and the proceeding on such an appeal is a 'suit,' within the meaning of the removal provisions of Judicial Code (Act March 3, 1911, c. 231) § 28 (36 Stat. 1094 [Comp. St. 1913, § 1010]), and is removable where there is the requisite diversity of citizenship and amount involved."

On page 197, after holding that the district court of Iowa is a constitutional court possessed of no administrative powers or functions, the court said:

"The Legislature of Iowa, in providing for an appeal to the district court, conferred upon that court either an administrative power or duty or a 'judicial power or duty.' I cannot assume that the Legislature enacted a law in conflict with the Constitution, or in excess of its legislative powers. I must, if possible, under the language used, construe the act as valid and constitutional. But, under the foregoing opinion of the Supreme Court of Iowa, it would not be valid if the Legislature undertook to confer upon the district court administrative powers or duties. It can only be held valid by assuming that the Legislature intended that the proceedings upon appeal would be judicial in their nature."

This opinion, though by the district court in Iowa, is well reasoned and supported by authority. The same reasoning used in that case is applicable to the Workmen's Com-

pensation Law in Louisiana, made enforceable by statute through the courts.

Article 7, § 3, of the Louisiana Constitution of 1921 provides: "No function shall ever be attached to any court of record, or to the judges thereof, except such as are judicial."

Interpreting a practically similar provision of the previous Louisiana Constitution, the Louisiana Supreme Court, in Re Southern Cotton Oil Co., 148 La. 69, 86 So. 656, held that a certain section of the Louisiana Workmen's Compensation Law imposed duties that were not judicial upon the judges of the district courts of Louisiana, and that therefore said section of the law was unenforceable, because nothing but judicial functions can be attached to the courts or to the judges thereof.

In spite of this decision, the district courts and the Supreme Court of Louisiana are frequently called upon to exercise, as judicial functions, the duties of enforcement and interpretation of other sections of that law, and they accept the performance of these functions as judicial; thus holding that all such proceedings as those in the case at bar, in enforcement of the legal rights created by the Workmen's Compensation Law, are judicial. Otherwise, as in the Iowa case, supra, the statute would be unconstitutional.

Thus the case at bar is brought directly within the principle established by the last preceding and the next following case cited.

In Comm. of Road District v. St. Louis S. W. Ry. Co., 257 U. S. 547, 42 S. Ct. 250, 66 L. Ed. 364, the court held, as shown by the syllabus:

"That, while the proceedings in the county court are in the main legislative and administrative, a controversy therein over the benefits and damages to an owner's land is a suit at law within the removal act because, (a) its determination is judicial, like a valuation of property in condemnation; * * * (b) the issue is between adversary parties, the road district and the landowner, framed on pleadings, consisting of the assessment book and the owner's objections, to be heard on evidence, and is separable from like issues respecting other landowners; * * * and (c) the county court, in disposing of such issues, renders what is in name, form, and effect a judgment; and functions as a judicial tribunal under the Arkansas Constitution. * * *

"Section 28, Judicial Code, limiting removal to cases within the original jurisdiction of the District Court under section 24,

does not deprive a defendant of the right merely because the form of the case in the state court would be awkward in the federal court or require reframing of the complaint and different procedure."

On page 554, 42 S. Ct. 253, the court said: "The distinction between a proceeding which is the exercise of legislative power and of administrative character and a judicial suit is not always clear. An administrative proceeding transferred to a court usually becomes judicial, although not necessarily so."

The cases of Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358, and Cates v. Allen, 149 U. S. 451, 13 S. Ct. 883, 37 L. Ed. 804, have been called to my attention as supporting the doctrine that there are some cases arising under state statutes which can be tried in the state courts, but which cannot be instituted in, or removed to, the federal courts. These cases involved a statute giving to the equity courts of Mississippi the right to try a certain class of cases which the United States Supreme Court decided did not preserve the constitutional distinction between actions at law and suits in equity. The statute in question was held to deprive the parties of their right to an action at law, constitutionally triable by a jury. The questions involved were not of the general jurisdiction of the court as a federal court, but of its equity jurisdiction.

These cases, as interpreted by the Supreme Court in Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 497, 498, 43 S. Ct. 454, 67 L. Ed. 763, concerned remedies or remedial rights only, as distinguished from substantive rights created by a state statute. On page 497, 43 S. Ct. 456, the court said: "That a remedial right to proceed in a federal court sitting in equity cannot be enlarged by a state statute is likewise clear, Scott v. Neely, 140 U. S. 106 [11 S. Ct. 712, 35 L. Ed. 358]; Cates v. Allen, 149 U. S. 451 [13 S. Ct. 883, 37 L. Ed. 804]. Nor can it be so narrowed. Mississippi Mills v. Cohn, 150 U. S. 202 [14 S. Ct. 75, 37 L. Ed. 1052]; Guffey v. Smith, 237 U. S. 101, 114 [35 S. Ct. 532, 59 L. Ed. 866]. The federal court may therefore be obliged to deny an equitable remedy which the plaintiff might have secured in a state court. Hanssen's contention is that the statute does not enlarge the equitable jurisdiction or remedies; and that it confers upon creditors of a Delaware corporation, if the company is insolvent, a substantive equitable right to have a receiver appointed. If this were true, the right con-

ferred could be enforced in the federal courts (Scott v. Neely, 140 U. S. 106, 109 [11 S. Ct. 712, 35 L. Ed. 358]), since the proceeding is in pleading and practice conformable to those commonly entertained by a court of equity. But it is not true that this statute confers upon the creditor a substantive right."

On page 499 (43 S. Ct. 456), the court said: "But because that which the statute confers is merely a remedy, the statute cannot affect proceedings in the federal courts sitting in equity."

On page 500, the court calls attention to the distinction between the jurisdiction of federal courts, as such, and their equity jurisdiction.

[7, 8] It appears, therefore, that if a substantive right be created by a state statute, the federal courts have jurisdiction to try cases under this statute where there is the necessary diversity of citizenship and amount involved. See, also, Cowley v. Northern Pac. R. R. Co., 159 U. S. 569, 16 S. Ct. 127, 40 L. Ed. 263. I think there can be no question that the Louisiana Workmen's Compensation Law creates a substantive right which may be enforced by a suit instituted in or removed to the federal court, even if, as stated by the Supreme Court in Road District v. St. Louis S. W. Co., supra, "the form of the case in the state court would be awkward in the federal court or require reframing of the complaint and different procedure." Where removability is doubtful, the court should not remand, because there is no relief by appeal from an order remanding. In re Mississippi River Power Co. (D. C.) 241 F. 194, 201, supra.

For the reasons and upon the authorities given and cited above, plaintiff's motion to remand the case to the district court for the parish of St. Mary, La., must be and is denied.