SYLVIA N. KUEHL *v.* Z-LODA SYSTEMS
ENGINEERING, INC., ET AL.
(SC 16749)

Sullivan, C. J., and Borden, Norcott, Palmer and Zarella, Js.

Argued October 29, 2002—officially released September 2, 2003

*Michael J. Leventhal,* for the appellant (plaintiff).

*Nancy E. Berdon,* with whom were *Terence Harris,* law clerk, and, on the brief, *Robert J. Sciglimpaglia, Jr.,* for the appellees (defendants).

*Opinion*

PALMER, J. The sole issue in this workers' compensation appeal is whether the plaintiff, Sylvia N. Kuehl, was precluded from obtaining survivor's benefits under General Statutes § 31-306 (a)[1] because she had failed to file a notice of claim for compensation either with her deceased husband's employer, the named defendant, Z-Loda Systems Engineering, Inc. (Z-Loda Systems),[2] or a workers' compensation commissioner, as required by

---

[1] General Statutes § 31-306 (a) provides for, inter alia, the payment of compensation to a dependent of an employee who has died "from an accident arising out of and in the course of" that employee's employment.

[2] Travelers Insurance Company, Z-Loda Systems' workers' compensation insurance carrier, also is a defendant.

General Statutes § 31-294c (a).[3] The workers' compensation commissioner for the seventh district (commissioner) concluded that the plaintiff's failure to comply with § 31-294c (a) precluded her claim for survivor's benefits. The compensation review board (board) affirmed the decision of the commissioner, and the plaintiff appealed to the Appellate Court. We transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. We affirm the decision of the board.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. The plaintiff is the widow and sole presumptive dependent[4] of Guenther Kuehl (decedent). The decedent was the president and sole shareholder of Z-Loda Systems, and the plaintiff was its secretary and treasurer.

On June 26, 1991, the decedent suffered personal injuries in an automobile accident that, according to the decedent, had occurred in the course of his employ-

---

[3] General Statutes § 31-294c (a) provides: "No proceedings for compensation under the provisions of . . . chapter [568] shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later. Notice of a claim for compensation may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident, or the date of the first manifestation of a symptom of the occupational disease and the nature of the disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed."

[4] General Statutes § 31-275 (19) provides in relevant part: " 'Presumptive dependents' means the following persons who are conclusively presumed to be wholly dependent for support upon a deceased employee: (A) A wife upon a husband with whom she lives at the time of his injury or from whom she receives support regularly . . . ."

ment. As a result of the decedent's injuries, the plaintiff assumed the day-to-day management of Z-Loda Systems in October, 1991. On December 16, 1991, the decedent filed a notice of claim for workers' compensation benefits. On January 21, 1992, Z-Loda Systems and the defendant Travelers Insurance Company (Travelers), Z-Loda Systems' workers' compensation insurance carrier, filed a notice contesting the decedent's claim in accordance with § 31-294c (b).[5] Z-Loda Systems and Travelers

---

[5] General Statutes § 31-294c (b) provides: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commission stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested. The employer shall send a copy of the notice to the employee in accordance with section 31-321. If the employer or his legal representative fails to file the notice contesting liability on or before the twenty-eighth day after he has received the written notice of claim, the employer shall commence payment of compensation for such injury or death on or before the twenty-eighth day after he has received the written notice of claim, but the employer may contest the employee's right to receive compensation on any grounds or the extent of his disability within one year from the receipt of the written notice of claim, provided the employer shall not be required to commence payment of compensation when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice of claim fails to include a warning that (1) the employer, if he has commenced payment for the alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim, shall be precluded from contesting liability unless a notice contesting liability is filed within one year from the receipt of the written notice of claim, and (2) the employer shall be conclusively presumed to have accepted the compensability of the alleged injury or death unless the employer either files a notice contesting liability on or before the twenty-eighth day after receiving a written notice of claim or commences payment for the alleged injury or death on or before such twenty-eighth day. An employer shall be entitled, if he prevails, to reimbursement from the claimant of any compensation paid by the employer on and after the date the commissioner receives written notice from the employer or his legal representative, in accordance with the form prescribed by the chairman of the Workers' Compensation Commission, stating that the right to compensation is contested. Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day

contested the decedent's claim on two primary grounds: (1) that the decedent's accident was not work-related; and (2) even if the accident were work-related, the claimed injuries were unrelated to the accident. To date, the decedent's claim has not been resolved and no benefits have been paid in connection therewith.

On November 1, 1992, the decedent and the plaintiff initiated a third party action against the driver and owner of the other vehicle involved in the June 26, 1991 accident.[6] On November 14, 1992, the decedent died as a result of an aortic aneurysm. Thereafter, the plaintiff, in her capacity as executrix of the decedent's estate, was substituted for the decedent in the third party action. Subsequently, the plaintiff amended the complaint (amended complaint) in the third party action to allege that the decedent's aortic aneurysm was a consequence of the injuries that the decedent had sustained in the automobile accident.

The plaintiff sent a copy of the amended complaint to Z-Loda Systems in May, 1993. After receiving the amended complaint, Z-Loda Systems moved to intervene in the third party action. In its motion to intervene, Z-Loda Systems asserted, inter alia, that, "[b]y virtue of the Workers' Compensation Act . . . [Z-Loda Systems] may become obligated to pay large sums to the estate of [the decedent] and/or to the plaintiff . . . ."[7]

---

after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death."

Although § 31-294c (b) had been amended between 1991 and 1993, those amendments are not relevant to the merits of this appeal. We therefore refer to the current revision for convenience.

[6] The plaintiff alleged loss of consortium in the third party action.

[7] We note that the third party action was settled in 1997 for one million dollars. Z-Loda Systems received no part of that settlement amount inasmuch as Z-Loda Systems has not paid any workers' compensation benefits to the decedent or his estate.

On July 22, 1998, the plaintiff requested a hearing on her claim for survivor's benefits notwithstanding her failure to file a timely notice of claim for compensation in accordance with § 31-294c (a).[8] The commissioner conducted a hearing on the plaintiff's claim on August 31, 1998. In connection with that hearing, the parties submitted a joint stipulation of facts and exhibits. The parties also submitted a joint issue for consideration, namely, "[w]hether, based upon the facts, the [plaintiff] . . . should be precluded from pursuing a [survivor's] benefits claim under . . . § 31-306 due to the fact that she did not file a formal notice of claim within the statute of limitations period established under . . . § 31-294c (a), which would have been one year from the date of [the decedent's] death—November 14, 1993."

The plaintiff proffered three reasons why her failure to file a notice of claim for compensation in accordance with § 31-294c (a) was not fatal to her claim for survivor's benefits. First, the plaintiff maintained that the amended complaint, a copy of which the plaintiff sent to Z-Loda Systems in May, 1993, constituted sufficient notice of the plaintiff's claim for survivor's benefits under § 31-294c (a). In support of this claim, the plaintiff underscored the fact that Z-Loda Systems expressly noted in its motion to intervene that it "may become obligated to pay large sums to the estate of [the decedent] *and/or to the plaintiff* . . . ." (Emphasis added.) On the basis of this allegation by Z-Loda Systems, the

---

[8] Although the decedent previously had filed a notice of claim for compensation in connection with his claim for workers' compensation benefits, the plaintiff did not file a separate notice of claim in connection with her claim for survivor's benefits. In *Tardy* v. *Abington Constructors, Inc.*, 71 Conn. App. 140, 144, 801 A.2d 804 (2002), the Appellate Court concluded that a dependent seeking survivor's benefits under § 31-306 must file a notice of claim for compensation independent of any notice that the decedent may have filed in connection with his or her underlying claim for workers' compensation benefits. The plaintiff does not challenge that determination by the Appellate Court in *Tardy*.

plaintiff maintained that Z-Loda Systems had actual notice that she was seeking survivor's benefits,[9] thereby rendering technical compliance with § 31-294c (a) unnecessary.

Second, the plaintiff asserted that the notice requirements contained in § 31-294c (a) were satisfied under the particular circumstances of this case because knowledge of her intent to seek survivor's benefits should be imputed to Z-Loda Systems in light of the fact that she was managing Z-Loda Systems at the time of the decedent's death. Finally, the plaintiff argued that her failure to file a notice of claim for compensation did not preclude her from obtaining survivor's benefits in light of § 31-294c (c),[10] which enumerates certain circumstances under which the failure to file a notice of claim for compensation or under which the filing of a defective or inaccurate notice of claim for compensation will not bar a claimant from obtaining benefits under § 31-306 (a). The commissioner disagreed with the plaintiff, however, and concluded that the plaintiff's failure to file a notice of claim for compensation in

[9] It is undisputed that Z-Loda Systems had actual notice of the decedent's death on the date of the decedent's death, November 14, 1992.

[10] General Statutes § 31-294c (c) provides: "Failure to provide a notice of claim under subsection (a) of this section shall not bar maintenance of the proceedings if there has been a hearing or a written request for a hearing or an assignment for a hearing within a one-year period from the date of the accident or within a three-year period from the first manifestation of a symptom of the occupational disease, as the case may be, or if a voluntary agreement has been submitted within the applicable period, or if within the applicable period an employee has been furnished, for the injury with respect to which compensation is claimed, with medical or surgical care as provided in section 31-294d. No defect or inaccuracy of notice of claim shall bar maintenance of proceedings unless the employer shows that he was ignorant of the facts concerning the personal injury and was prejudiced by the defect or inaccuracy of the notice. Upon satisfactory showing of ignorance and prejudice, the employer shall receive allowance to the extent of the prejudice."

accordance with § 31-294c (a) precluded her claim for survivor's benefits.[11]

The plaintiff appealed from the decision of the commissioner to the board, which affirmed the commissioner's decision. This appeal followed. On appeal, the plaintiff renews the claims that she raised before the commissioner and the board. We reject those claims and, therefore, affirm the decision of the board.

"As a threshold matter, we set forth the standard of review applicable to workers' compensation appeals. . . . It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the] board. . . . A state agency is not entitled, however, to special deference when its determination of a question of law has not previously been subject to judicial scrutiny. . . . Whe[n] . . . [a workers' compensation] appeal involves an issue of statutory construction that has not yet been subjected to judicial scrutiny, this court has plenary power to review the administrative decision." (Citations omitted; internal quotation marks omitted.) *Matey* v. *Estate of Dember*, 256 Conn. 456, 479–80, 774 A.2d 113 (2001); accord *Russell* v. *Mystic Seaport Museum, Inc.*, 252 Conn. 596, 603–604, 748 A.2d 278 (2000). Because this issue is one of first impression for our courts, we review the board's decision de novo.[12]

The issue of whether the plaintiff's failure to comply with § 31-294c (a) renders her ineligible to obtain survivor's benefits under § 31-306 (a) presents a question of statutory construction, the fundamental objective of

[11] The plaintiff thereafter filed a motion to correct certain of the commissioner's findings. The commissioner denied the plaintiff's motion.

[12] The plaintiff maintains that the board improperly applied a deferential standard of review to the commissioner's decision. Because our review of the board's decision is plenary, any deference that the board may have afforded the commissioner has no bearing on our resolution of this appeal.

which is to ascertain the intent of the legislature. E.g., *Hartford Hospital* v. *Dept. of Consumer Protection*, 243 Conn. 709, 715, 707 A.2d 713 (1998). "As with all issues of statutory interpretation, we look first to the language of the statute." (Internal quotation marks omitted.) *Gipson* v. *Commissioner of Correction*, 257 Conn. 632, 639, 778 A.2d 121 (2001).

Under General Statutes § 31-306 (a), a dependent of a deceased employee is entitled to survivor's benefits when that employee has died "from an accident arising out of and in the course of employment . . . ." Eligibility for those benefits, however, is conditioned upon compliance with General Statutes § 31-294c (a), which provides in relevant part that "[n]o proceedings for [workers'] compensation . . . shall be maintained unless a *written notice of claim for compensation* is given within one year from the date of the accident . . . provided, if death has resulted within two years from the date of the accident . . . a dependent . . . may make claim for compensation within the two-year period or within one year from the date of death, whichever is later. . . ."[13] (Emphasis added.) In addition, General Statutes § 31-294c (a) provides in relevant part that "[n]otice of a claim for compensation may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident . . . and the name and address of the employee and of the person in whose interest compensation is claimed. . . ." On the basis of this statutory language, we have concluded "that the legislature intended to . . . require claimants to file notices of claim, written in simple language, in order to maintain proceedings

[13] We note that, in the present case, the latest date on which the plaintiff could have filed her notice of claim for compensation pursuant to the express provisions of § 31-294c (a) was November 14, 1993, which was one year after the date of the decedent's death.

under the [Workers' Compensation] [A]ct . . . ." *Russell* v. *Mystic Seaport Museum, Inc.*, supra, 252 Conn. 607. Although we repeatedly have observed that our workers' compensation "legislation is remedial in nature . . . and . . . should be broadly construed to accomplish its humanitarian purpose"; (citation omitted; internal quotation marks omitted) *Dubois* v. *General Dynamics Corp.*, 222 Conn. 62, 67, 607 A.2d 431 (1992); the written notice required under § 31-294c (a) nevertheless must "reasonably inform the employer that the employee [or dependent] is claiming or proposes to claim compensation under the [Workers' Compensation] Act . . . ." *Rehtarchik* v. *Hoyt-Messinger Corp.*, 118 Conn. 315, 317, 172 A. 353 (1934); accord *Pearce* v. *New Haven*, 76 Conn. App. 441, 449, 819 A.2d 878, cert. denied, 264 Conn. 913, 826 A.2d 1155 (2003). It is well established, moreover, that "a notice of claim or the satisfaction of one of the . . . exceptions [contained in § 31-294c (c)] is *a prerequisite that conditions whether the commission[er] has subject matter jurisdiction under the [Workers' Compensation] [A]ct.*" (Emphasis added.) *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 5–6, 675 A.2d 845 (1996).[14] We now turn to the plaintiff's claims.

The plaintiff first contends that service on Z-Loda Systems of the amended complaint in the third party

[14] The plaintiff claims that § 31-294c (a) is simply a statute of limitations that sets forth the time period within which a claim for survivor's benefits must be filed. According to the plaintiff, the purpose of the limitation period is to protect employers from fictitious or false claims. On the basis of this assertion, the plaintiff further maintains that, in the present case, there was no risk to Z-Loda Systems of a fraudulent claim and, therefore, her failure to comply with § 31-294c (a) should be excused. The plaintiff's argument is unavailing because, as we previously have stated, "[t]his [statutory] requirement [is] not simply a statute of limitations"; *Vegliante* v. *New Haven Clock Co.*, 143 Conn. 571, 580, 124 A.2d 526 (1956); but, rather, implicates the commissioner's subject matter jurisdiction. *Figueroa* v. *C & S Ball Bearing*, supra, 237 Conn. 5–6.

action satisfied the notice requirements of § 31-294c (a). We disagree.

There is no dispute that Z-Loda Systems' receipt of the amended complaint placed Z-Loda Systems on notice of the decedent's death within the limitation period prescribed by § 31-294c (a). The amended complaint, however, contained no indication that the plaintiff was seeking or intended to seek survivor's benefits as a result of the decedent's death. Indeed, the plaintiff did not provide Z-Loda Systems with a copy of the amended complaint as a substitute for a notice of claim for compensation but, rather, in accordance with General Statutes (Rev. to 1991) § 31-293 (a)[15] so that Z-Loda Systems could protect any interest *it* might have had in any recovery resulting from the third party action.[16] Moreover, although Z-Loda Systems did assert in its motion to intervene in the third party action that it "may become obligated to pay" benefits to the plaintiff, that

[15] General Statutes (Rev. to 1991) § 31-293 (a) provides in relevant part: "When any injury for which compensation is payable under the provisions of . . . chapter [568] has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation . . . but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation . . . may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, *he shall forthwith notify the other*, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate. . . ." (Emphasis added.)

[16] As we have indicated; see footnote 7 of this opinion; Z-Loda Systems did not receive any part of the one million dollar award stemming from the settlement of the third party action because Z-Loda Systems has never paid any workers' compensation benefits to the decedent or his estate.

assertion—merely a recognition of the fact that the plaintiff *might* seek benefits as a consequence of the decedent's death—was necessary to explain Z-Loda Systems' interest in that action. Thus, neither that assertion by Z-Loda Systems nor its receipt of the amended complaint constituted notice that the plaintiff was claiming or proposing to claim survivor's benefits under § 31-306 (a). Contrary to the plaintiff's claim, therefore, Z-Loda Systems' receipt of the amended complaint and its acknowledgement that it "may" become obligated to pay benefits to the plaintiff are insufficient to establish that Z-Loda Systems had actual notice of the plaintiff's intent to seek survivor's benefits.

We also reject the plaintiff's contention that, because she was managing Z-Loda Systems at the time of the decedent's death, her purported intent to seek survivor's benefits should be imputed to Z-Loda Systems. The fact that the plaintiff was managing Z-Loda Systems at the time of the decedent's death, does not make the plaintiff and Z-Loda Systems one and the same for purposes of § 31-294c (a). It is the employer, Z-Loda Systems, that was entitled to notice under § 31-294c (a) so that Z-Loda Systems, *itself,* could take whatever action *it* deemed necessary upon receipt of the notice, such as notifying its insurance carrier, investigating the claim or contesting the claim. Thus, for purposes of § 31-294c (a), Z-Loda Systems is an entity that is wholly separate and distinct from the plaintiff and, consequently, there is no reason to impute the plaintiff's knowledge to it.

Moreover, General Statutes § 31-294c (a) requires "written notice" of a claim for compensation. To impute to Z-Loda Systems knowledge of the plaintiff's intent to seek survivor's benefits would require us to read those words out of the statute. "[I]t is a basic tenet of statutory construction that the legislature [does] not intend to enact meaningless provisions. . . . [I]n con-

struing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." (Internal quotation marks omitted.) *Connelly* v. *Commissioner of Correction*, 258 Conn. 394, 410, 780 A.2d 903 (2001). In the absence of a compelling or overriding reason to do so, we cannot ignore the requirement of *written* notice contained in § 31-294c (a).[17]

Finally, the plaintiff contends that the savings provisions of subsection (c) of § 31-294c evince a legislative intent to permit claims in circumstances such as those in the present case. We disagree. The relevant part of General Statutes § 31-294c (c) upon which the plaintiff relies provides: *"No defect or inaccuracy of notice of claim* shall bar maintenance of proceedings unless the employer shows that he was ignorant of the facts concerning the personal injury and was prejudiced by the defect or inaccuracy of the notice. . . ."[18] (Emphasis added.) This savings provision addresses a "defect or inaccuracy" in a notice of claim for compensation; it does not excuse, however, the *failure to file* a notice of claim. The plaintiff concedes that she did not file a notice of claim for compensation. Consequently, the plaintiff cannot prevail under the plain language of the provision of § 31-294c (c) excusing a defect or inaccuracy in a notice of claim but not the failure to file such notice.

We note, moreover, that Public Acts 1913, c. 138, § 21, a precursor to § 31-294c (c), included a provision

---

[17] In light of our conclusion that the plaintiff has failed to demonstrate that Z-Loda Systems had actual notice of her intent to seek survivor's benefits, we need not address the plaintiff's claim that she should be relieved of her obligation to comply with the requirements of § 31-294c (a) because Z-Loda Systems had actual notice of her claim for survivor's benefits.

[18] The plaintiff concedes that she is not entitled to relief under any of the provisions of § 31-294c (c) that obviate the need for a claimant to file a notice of claim altogether.

that "*no want,* defect, or inaccuracy of such notice and claim shall be a bar to the maintenance of proceedings unless the employer shall show that he was ignorant of the injury and was prejudiced by *want,* defect, or inaccuracy of notice." (Emphasis added.) In *Schmidt v. O.K. Baking Co.,* 90 Conn. 217, 222–24, 96 A. 963 (1916), we interpreted "want" of notice to mean the *absence* of notice. Thus, our rejection of the plaintiff's claim is buttressed by the fact that the legislature eliminated any reference to the absence of a notice of claim for compensation in the provision of § 31-294c (c) relating to defective or inaccurate notices.[19]

Although we are mindful of the liberality with which we are to construe our workers' compensation statutes, "[t]he fundamental problem with the plaintiff's position is that it ignores the fact that the workers' compensation system in Connecticut is derived exclusively from statute. We have previously observed that the workers' compensation commission, like any administrative body, must act strictly within its statutory authority

[19] The plaintiff also asserts that Z-Loda Systems had sufficient notice of her claim because it had enough information to trigger an investigation of that claim, and that, under those circumstances, Z-Loda Systems was obligated to file a timely written notice in accordance with § 31-294c (b) that it intended to contest the plaintiff's claim. See, e.g., *Russell* v. *Mystic Seaport Museum, Inc.,* supra, 252 Conn. 612 ("[i]f the notice of claim is sufficient to allow the employer to make a timely investigation of the claim, it triggers the employer's obligation to file a disclaimer" [internal quotation marks omitted]). The issue of whether a notice of claim for compensation contains sufficient information for the employer to make a timely investigation of the claim such that its obligation under § 31-294c (b) to respond to the claim is triggered, however, presupposes that the employer has been given proper notice of the claim. Because we conclude that Z-Loda Systems did not receive notice of the plaintiff's claim, it necessarily follows that Z-Loda Systems was under no obligation either to commence an investigation or to provide the plaintiff with a written disclaimer of liability. Similarly, in light of this conclusion, the plaintiff cannot prevail on her related claim that Z-Loda Systems should be precluded from disputing liability because of its failure to notify the plaintiff, in accordance with § 31-294c (b), that it was contesting her claim for survivor's benefits.

. . . . It cannot modify, abridge, or otherwise change the statutory provisions under which it acquires authority unless the statutes expressly grant it that power." (Internal quotation marks omitted.) *Discuillo* v. *Stone & Webster*, 242 Conn. 570, 576, 698 A.2d 873 (1997). Inasmuch as the plaintiff has failed to comply with an integral provision of our workers' compensation scheme, namely, the notice requirement of § 31-294c (a), we conclude that the board properly upheld the determination of the commissioner that the plaintiff is barred from pursuing her claim for survivor's benefits.

The decision of the board is affirmed.

In this opinion the other justices concurred.