## EILEEN SMEDLEY *v.* DEPARTMENT OF MENTAL RETARDATION ET AL.
## (SC 16985)

Sullivan, C. J., and Borden, Katz, Palmer and Vertefeuille, Js.

Argued December 2, 2003—officially released July 6, 2004

*Edward T. Dodd, Jr.*, with whom, on the brief, was *Laura Ondrush,* for the appellant (plaintiff).

*Michael J. Belzer,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *William J. McCullough,* assistant attorney general, for the appellee (defendant).

*Robin S. Schwartz* and *Christine Hughes,* pro hac vice, filed a brief for the Connecticut Business and Industry Association et al. as amici curiae.

*Richard Blumenthal,* attorney general, and *William J. McCullough,* assistant attorney general, filed a brief for the state employees retirement commission.[1]

---

[1] The brief on behalf of the state employees retirement commission was filed in response to this court's request. See footnote 14 of this opinion.

KATZ, J. As in the companion case of *Starks* v. *University of Connecticut*, 270 Conn. 1, 850 A.2d 1013 (2004), which we also have decided today, this appeal requires us to determine whether the receipt of state disability retirement benefits by the plaintiff, Eileen Smedley, must be considered in determining her discretionary benefits awarded pursuant to General Statutes (Rev. to 1987) § 31-308a[2] of the Workers' Compensation Act, contained in chapter 568 of the General Statutes.[3] The plaintiff appeals[4] from the decision of the compensation review board (review board) affirming the decision of the workers' compensation commissioner for the fifth district (commissioner) that ordered that any § 31-308a benefit awarded to her be reduced by the amount she received in state disability

[2] General Statutes (Rev. to 1987) § 31-308a provides: "In addition to the compensation benefits provided by section 31-308 for specific loss of a member or use of the function of a member of the body, or any personal injury covered by this chapter, the commissioner, after such payments provided by said section 31-308 have been paid for the period set forth in said section, may award additional compensation benefits for such partial permanent disability equal to two-thirds of the difference between the wages currently earned by an employee in a position comparable to the position held by such injured employee prior to his injury and the weekly amount which such employee will probably be able to earn thereafter, to be determined by the commissioner based upon the nature and extent of the injury, the training, education and experience of the employee, the availability of work for persons with such physical condition and at the employee's age, but not more than the maximum provided in section 31-309. If evidence of exact loss of earnings is not available, such loss may be computed from the proportionate loss of physical ability or earning power caused by the injury. The duration of such additional compensation shall be determined upon a similar basis by the commissioner."

[3] General Statutes § 31-275 et seq.

[4] The plaintiff appealed to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

retirement benefits. The named defendant,[5] the department of mental retardation, argues that the decision of the review board was proper, and further argues that any other outcome would result in a double recovery for the plaintiff. For the reasons set forth in *Starks* v. *University of Connecticut,* supra, 21–29, we conclude that, because the State Employees Retirement Act, contained in chapter 66 of the General Statutes,[6] already provides for a statutory offset of certain workers' compensation benefits; see General Statutes §§ 5-169 (g) and 5-192p (d); see footnotes 12 and 13 of this opinion; the calculation of the plaintiff's § 31-308a benefits should not have considered any amounts received as state disability retirement benefits. We, therefore, reverse the decision of the review board.

The record reveals the following undisputed facts and procedural history. On August 8, 1987, the plaintiff was employed by the defendant as a cook at the Southbury Training School, when she suffered a compensable injury that left her with a 25 percent permanent partial disability of her back. At the time of the injury, the plaintiff earned an average weekly wage of $297. She was awarded 130 weeks of permanent partial disability benefits pursuant to General Statutes (Rev. to 1987) § 31-308,[7] which entitles an employee suffering a perma-

---

[5] Berkley Administrators was also named as a defendant in this appeal. For purposes of this opinion, we shall refer to the defendants in the singular.

[6] General Statutes § 5-152 et seq.

[7] General Statutes (Rev. to 1987) § 31-308 provides in relevant part: "(a) If any injury for which compensation is provided under the provisions of this chapter results in partial incapacity, there shall be paid to the injured employee a weekly compensation equal to sixty-six and two-thirds per cent of the difference between the wages currently earned by an employee in a position comparable to the position held by such injured employee prior to his injury and the amount he is able to earn after such injury, except that when (1) the physician attending an injured employee certifies that such employee is unable to perform his usual work but is able to perform other work, (2) such employee is ready and willing to perform such other work in the same locality and (3) no such other work is available, such employee shall be paid his full weekly

nent disability to a specified body part to payment of a fixed amount of benefits. Her compensation rate was $198.57 per week. Due to her injury, the plaintiff was unable to return to her position as a cook at the Southbury Training School. Consequently, she completed vocational rehabilitation and, since approximately March 1, 1998, she has been employed privately on a light duty basis, earning less than what she had earned at her former state position with the defendant. After her specific indemnity benefits expired, on approximately January 23, 1997, the plaintiff was awarded 165 weeks of benefits pursuant to General Statutes (Rev. to 1987) § 31-308a, which permits the commissioner, on a discretionary basis, to grant additional benefits "equal to two-thirds of the difference between the wages currently earned by an employee in a position comparable to the position held by such injured employee prior to his injury and the weekly amount which such employee will probably be able to earn thereafter . . . ."[8] These supplemental benefits expired on approximately February 7, 1999. Subse-

compensation subject to the provisions of this section. In either of the above cases, such compensation shall in no case be more than the maximum weekly benefit rate set forth in section 31-309 and shall continue during the period of partial incapacity but no longer than seven hundred and eighty weeks. If the employer procures for an injured employee employment suitable to his capacity, the wages offered in such employment shall be taken as the earning capacity of the injured employee during the period of such employment.

"(b) With respect to the following-described injuries the compensation, in addition to the usual compensation for total incapacity but in lieu of all other payments for compensation, shall be sixty-six and two-thirds per cent of the average weekly earnings of the injured employee, but in no case more than the maximum weekly benefit rate set forth in section 31-309, or less than twenty dollars weekly . . . ."

[8] Currently, General Statutes § 31-308a (a) provides that additional benefits shall be: based upon 75 percent of the difference between preinjury and postinjury after-tax earnings of the employee; limited in duration to the lesser of either the span of the employee's permanent partial disability award or 520 weeks; and available only to claimants "who are willing and able to perform work in [Connecticut]."

quently, the plaintiff requested another § 31-308a award retrospective to February 7, 1999.

In 1999, the plaintiff was awarded a state disability retirement pension, retrospective to January 1, 1997, and began receiving benefits of approximately $275 per week. The defendant refused the plaintiff's request for additional § 31-308a benefits on the basis that the commissioner should take into consideration the benefits she received from her state disability retirement pension. The parties stipulated that, if the plaintiff's state disability retirement benefits were added to the amount she received in wages from her employment in a light duty position, she would not be entitled to receive any § 31-308a benefits.[9]

In proceedings before the commissioner, the defendant argued that the plaintiff's disability retirement pension should be considered in determining her § 31-308a benefit and that such benefit should be reduced accordingly. The commissioner agreed and, as a result, factored that amount in the calculation, thereby deciding not to award a § 31-308a benefit.

The plaintiff filed a petition for review on November 21, 2001, disagreeing with the commissioner's determination that the receipt of state disability retirement benefits should be included in the calculation of § 31-308a benefits. In an opinion issued October 25, 2002, the review board rejected the plaintiff's appeal, determining that the offset of disability retirement benefits was appropriate under its prior ruling in *Iannarone* v. *Dept. of Mental Retardation*, 4138 CRB-7-99-10 (June 15, 2001), in which the review board held that a state disability pension should be included in the amount a

---

[9] The plaintiff represented to the commissioner that if she were still employed as a cook at the Southbury Training School, she currently would be earning at least $800 weekly, but that she currently was earning only an average weekly wage of approximately $660.

claimant is "able to earn thereafter" for purposes of § 31-308a. In further support of its decision, the review board stated that General Statutes § 31-314[10] mandates such an offset because it requires that "due allowance shall be made for any sum which the employer has paid to any injured employee or to his dependents on account of the injury . . . ." The review board noted that the application of § 31-314 to the plaintiff's receipt of state disability retirement benefits was consistent with the general rule prohibiting a double recovery.

"As a threshold matter, we set forth the standard of review applicable to workers' compensation appeals. . . . It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the review] board." (Internal quotation marks omitted.) *Kuehl* v. *Z-Loda Systems Engineering, Inc.*, 265 Conn. 525, 532, 829 A.2d 818 (2003). "It is well settled that we do not defer to the [review] board's construction of a statute—a question of law—when, as in the present case, the provisions at issue previously have not been subjected to judicial scrutiny or when the [review] board's interpretation has not been time tested." *Rayhall* v. *Akim Co.*, 263 Conn. 328, 354, 819 A.2d 803 (2003). Accordingly, because this issue is one of first impression for our courts, our review is plenary.

On appeal, the plaintiff argues that the review board's decision in *Iannarone* v. *Dept. of Mental Retardation,* supra, 4138 CRB-7-99-10, was incorrect when the review board concluded that benefits received under the state disability retirement plan should be considered part of "the weekly amount which such employee will probably

---

[10] General Statutes § 31-314 provides: "In fixing the amount of any compensation under this chapter, due allowance shall be made for any sum which the employer has paid to any injured employee or to his dependents on account of the injury, except such sums as the employer has expended or directed to be expended for medical, surgical or hospital service."

be able to earn thereafter" under § 31-308a. Instead, the plaintiff contends that because the statute expressly provides that benefits are "to be determined . . . based upon the nature and extent of the injury, the training, education and experience of the employee, [and] the availability of work for persons with such physical condition and at the employee's age"; General Statutes (Rev. to 1987) § 31-308a; the commissioner's award determination is confined to the consideration of such enumerated factors. The plaintiff further argues that disability retirement benefits should not be considered toward a claimant's " 'earnings' " or their " 'earning power,' " and thus, should not be taken into consideration in calculating a § 31-308a award.

The defendant relies on the review board's decision in *Iannarone* v. *Dept. of Mental Retardation*, supra, 4138 CRB-7-99-10, as well as its decision in the companion case, *Starks* v. *University of Connecticut*, 4467 CRB-2-02-12 (February 13, 2003), in which the review board determined that a claimant's § 31-308a award should take into consideration any state disability retirement benefits the claimant is receiving in order to avoid a double recovery. The defendant contends that the review board's interpretation of § 31-308a was proper, particularly in light of the instruction of § 31-314 to make "due allowance . . . for any sum which the employer has paid to any injured employee . . . ." The defendant also argues that, because § 31-308a benefits are purely discretionary; see General Statues (Rev. to 1987) § 31-308a ("the commissioner . . . *may* award additional compensation benefits" [emphasis added]); a commissioner has very broad discretion in determining a § 31-308a award, and is therefore not confined solely to the enumerated factors set forth in the statute.[11]

[11] In addition, the Connecticut Business and Industry Association and the New England Legal Foundation jointly filed an amici curiae brief in support of the review board's decision to offset the receipt of § 31-308a benefits by any amounts received from a state disability retirement pension.

Our decision in *Starks* v. *University of Connecticut,* supra, 270 Conn. 1, is dispositive of this claim. For the reasons set forth in that case, we conclude that the legislature explicitly has provided for an offset mechanism under either under § 5-169 (g),[12] which

[12] General Statutes § 5-169 (g) provides: "Twenty per cent of all outside earned salary or wages shall be offset against the disability retirement payments by the state during the first two years of disability. On or after October 1, 1987, at the expiration of such period, if the total disability benefits and outside earnings exceed one hundred per cent of the pay of such member at the date of disability, adjusted annually by a percentage increase equal to the cost of living allowances applied to the member's disability retirement benefits pursuant to this chapter, the disability payment will be reduced by the amount such total exceeds such adjusted earnings. Notwithstanding the foregoing provisions of this section, the following maximum benefit limitations shall apply if the member's date of disability occurs on or after January 1, 1984. Such maximum benefit limitations shall apply coincident with the receipt of benefits under subsection (d) of section 5-142 by any member of the Division of State Police within the Department of Public Safety. To verify the operation of the maximums, members shall authorize the Social Security Administration to provide the Retirement Commission, on an ongoing basis, any information with regard to covered earnings or Social Security benefits payable. In the event both of the maximums indicated below apply, the lesser disability benefit shall be payable. Such maximums shall be subject to reexamination annually, as indicated in subsection (h) of this section.

"(1) The disability benefit provided under this section shall not exceed one hundred per cent of the member's base salary or the rate of salary of the member on his date of disability, whichever is greater, *less any periodic cash benefit payments being made to a member under the Workers' Compensation Act,* less any federal disability Social Security benefits, including primary and family, paid on account of the member's Social Security earnings history, less all outside earned salary or wages, unless the Retirement Commission determines that such salary or wages are being paid as part of the rehabilitation of the disabled member. Any such determination that such earned salary or wages is for rehabilitation must be reapproved by the Retirement Commission no less frequently than every eighteen months, or the offset shall apply. *The offset for workers' compensation* and federal Social Security disability benefits *shall apply when such benefits commence even if such benefits initially commence after the member's disability retirement date.*

"(2) The disability benefit provided under this section shall not exceed eighty per cent of the member's base salary or the rate of salary of the member on the date of disability, whichever is greater, *less any periodic cash benefit payments being made to a member under the Workers' Compen-*

governs Tier I retirees, or § 5-192p (d),[13] which governs Tier II retirees, and therefore benefits awarded under § 31-308a need not be offset by a claimant's receipt of state disability retirement benefits.[14]

*sation Act*, less any federal disability Social Security benefits, including primary and family, being paid on account of the member's Social Security earnings history. The offsets shall apply when such benefits commence even if such benefits initially commence after the member's disability retirement date." (Emphasis added.)

[13] General Statutes § 5-192p (d) provides: "Notwithstanding the provisions of subsection (c) of this section, the following maximum benefit limitation shall apply. In order to verify the operation of the maximums, it shall be a condition precedent to receipt of any disability benefits under this section that a member authorize the Social Security Administration to provide the Retirement Commission, on an ongoing basis, any information with regard to covered earnings or Social Security benefits payable. In the event both of the maximums indicated below apply, the lesser disability benefit shall be payable. Such maximums shall be subject to reexamination annually, as indicated in subsection (e) of this section.

"(1) The disability benefit provided under this subsection shall not exceed (A) one hundred per cent of the member's final average earnings or the rate of salary of the member on date of disability, whichever is greater, *less (B) any periodic cash benefit payments being made to a member under the Workers' Compensation Act*, less (C) any federal disability Social Security benefits both primary and family paid on account of the member's Social Security earnings history less (D) all outside earned salary or wages unless the Retirement Commission determines that such salary or wages are being paid as part of the rehabilitation of the disabled member. Any such determination that such earned salary or wages is for rehabilitation must be reapproved by the Retirement Commission no less frequently than every eighteen months, or the offset shall apply. The offset for workers' compensation and federal Social Security disability benefits shall apply when such benefits commence even if such benefits initially commence after the member's disability retirement date.

"(2) The disability benefit provided under this subsection shall not exceed (A) eighty per cent of the greater of the member's final average earnings or the rate of salary of the member on the date of disability, *less (B) any periodic cash benefit payments being made to a member under the Workers' Compensation Act*, less (C) any federal disability Social Security benefits, both primary and family being paid on account of the member's Social Security earnings history. The offsets shall apply when such benefits commence even if such benefits initially commence after the member's disability retirement date." (Emphasis added.)

[14] On December 15, 2003, after the present case was argued before this court, we issued an order requesting that the state employees retirement

The decision of the review board is reversed and the case is remanded for recalculation of the plaintiff's § 31-308a benefits award.

In this opinion the other justices concurred.

commission (retirement commission) advise us of its practices in reducing state disability retirement benefits by the amount of any benefits that the employee has been awarded pursuant to § 31-308a. On January 15, 2004, the commission filed a brief indicating that it does not offset such benefits. The defendant urges us to accord deference to the commission's practice. As we stated in *Starks* v. *University of Connecticut*, supra, 270 Conn. 30–31, however, "[a]lthough the commission's current practice might be based on sound administrative reasoning, and a change in such practice inevitably might lead to thorny administrative concerns, we cannot condone the continued contravention of our legislature's directive that state disability retirement benefits be offset by certain types of workers' compensation benefits, such as those available pursuant to § 31-308a."