Connolly *v.* Penn Seaboard Steel Corporation.

HARRY F. CONNOLLY *vs.* THE PENN SEABOARD STEEL CORPORATION ET AL.

Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and WEBB, Js.

The requirement that a written notice of a claim for compensation must be made within one year from the date of the injury (§ 5360) in order to maintain proceedings therefor, is an essential element of the right to compensation created by the Workmen's Compensation Act; and therefore a failure to give such notice within the prescribed time precludes a recovery of compensation by the injured employee.

The fact that the employee did not realize the results or effects of his injury until several years thereafter, when he became aware of them by a surgical examination, does not extend the time prescribed by the statute for giving the required notice.

Connolly *v.* Penn Seaboard Steel Corporation.

A paper which, at best, is a mere notice of the injury and contains no claim for compensation, does not comply with the statutory requirement.

Argued January 24th—decided March 1st, 1924.

APPEAL by the plaintiff from the dismissal of his claim for compensation by the Commissioner of the fifth district acting for and in place of the Commissioner of the third district, who was temporarily incapacitated, taken to and reserved by the Superior Court in New Haven County, *Avery, J.*, upon demurrer to the reasons of appeal, for the advice of this court. *Superior Court advised to dismiss the appeal from the Commissioner.*

*John M. Comley*, for the defendant Ætna Life Insurance Company.

*John Henry Sheehan*, for the plaintiff.

CURTIS, J. The finding discloses the following facts: The plaintiff in February, 1918, was in the employ of the defendant engaged in testing metals, and then suffered an injury by a blow upon his head, arising out of and in the course of his employment. He notified his employer of his injury on the night in question and satisfied the statutory requirement as to a notice forthwith. Shortly thereafter he was discharged by the defendant because of inability to do his accustomed work.

During the year following the day of the injury, the plaintiff was incapacitated for labor by reason of this injury, for a period in excess of the seven days required to entitle him to compensation under § 5348.

The plaintiff claimed, on the hearing, that he notified his employer of his claim for compensation by a paper signed by him, on the night of his injury, which paper he also claimed gave the employer the notice of injury as above stated. The Commissioner found

certain evidential facts as to this paper giving notice of the injury to the defendant on the night of the injury, and the plaintiff claims that such evidential facts are equivalent to a finding that a written claim for compensation was duly served. One fatal defect of this contention is that the paper in question contained no claim for compensation and was in no particular a claim for compensation even defectively stated; at the most it was merely a notice of injury. No written claim for compensation was otherwise served. The plaintiff, therefore, never gave the defendant a written notice of his claim for compensation as required by § 5360.

The Commissioner found these facts: (a) "The claimant did not know the results of his injury from a surgical standpoint until June 24th, 1923, at which time he was definitely informed about them by Dr. Francis H. Reilly. Dr. Reilly . . . caused X-rays to be taken. . . . (b) I find that on the occurrence in question, the claimant sustained a fractured skull at the vertex, and at the same time a contrecoup fracture about two inches above the occipital prominence. I further find that the claimant has suffered such results from this fracture since that date . . . that he has become nervous and to a greater or less extent incapacitated from labor. . . . (c) The claimant, during the period of something more than five years which has elapsed since his injury, has suffered many things, and has been troubled with headaches, dizziness, and some trouble with his nose calling for slight surgical treatment, and had an operation for the removal of swollen inguinal glands, and his activities thereafter were broken and fragmentary."

The plaintiff first brought this claim for compensation before the Commissioner in 1923, about five years after the injury to his head.

The plaintiff claims, in effect, that as the Commissioner has found in a. b. c. above, that the plaintiff was ignorant of the results of his injury from a surgical standpoint until June 24th, 1923, and as there is no finding that such ignorance arose from his negligence, therefore the proceedings of the plaintiff to secure compensation, begun in 1923, within one year after he was informed of such results by a surgeon, are valid and effectual. In other words, the plaintiff claims that although he was incapacitated by his injury for more than seven days about four years ago, yet because he did not know the results of his injury from a surgical point of view when he was so incapacitated, the duty of serving a written claim for compensation within one year from such incapacity under § 5360 was obviated by his ignorance, and it was sufficient to satisfy the equities of that section, to give such notice or begin proceedings before the Commissioner within one year from the time when he acquired knowledge of the surgical results of the injury.

The plaintiff seeks to uphold this claim on the ground that § 5360 should be liberally construed in all cases; and so construed as to save the rights of an employee if equitable considerations exist favoring such a result. We have had occasion to deal with a similar claim in the recent case of *Simmons* v. *Holcomb*, 98 Conn. 770, 775, 120 Atl. 510.

We there held that such a claim was untenable; that the requirement of § 5360 as to a written notice of claim for compensation entered into the very essence of the employee's right to compensation conferred by the Act, and was not simply a statute of limitations; and that, therefore, whenever an employee had failed to give a written notice of a claim for compensation within the time prescribed by statute, his right to compensation was lost, and that the statutory require-

ment as to a written notice of compensation could not be changed or modified on equitable grounds. Section 5360, therefore, under the facts found, bars any recovery of compensation by the plaintiff.

The Superior Court is advised to dismiss the appeal from the Commissioner.

In this opinion the other judges concurred.