## McLAUGHLIN v. WESTERN UNION TELEGRAPH CO.

(Circuit Court of Appeals, Fifth Circuit. February 11, 1927.)

No. 4851.

Master and servant ⬤⟹398—Action for Injury under Louisiana Workmen's Compensation Law held barred by prescription (Act No. 20 of 1914, § 31, as amended).

Where an employee knew the facts of his injury, and that it was serious and actionable, the fact that he did not at the time know its full extent does not avoid the prescription of one year for bringing suit under Louisiana Workmen's Compensation Law (Act 20 of 1914, § 31, as amended).

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Action at law by Thomas H. McLaughlin against the Western Union Telegraph Company. Judgment for defendant, and plaintiff brings error. Affirmed.

See, also, 7 F.(2d) 177.

C. F. Borah, of Franklin, La., and Prentice Wilson, of Dallas, Tex. (E. A. Coker, of Dallas, Tex., on the brief), for appellant.

Esmond Phelps, of New Orleans, La. (Francis R. Stark, of New York City, and Spencer, Gidiere, Phelps & Dunbar, of New Orleans, La., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case the parties occupied the same relative positions in the District Court as they do here and will be so referred to. On March 2, 1925, plaintiff brought suit in a state court to recover damages for personal injuries resulting from an accident occurring near Patterson, La., on June 1, 1922, while he was employed by defendant, alleged to have been caused by the negligence of defendant, and in the alternative for compensation under the Workmen's Compensation Laws of Louisiana. The suit was removed to the District Court, and a motion to remand was denied by the late Judge Beattie, for reasons stated in an elaborate opinion. 7 F.(2d) 177. No question is raised as to the correctness of Judge Beattie's decision.

Defendant interposed an exception to the petition on the ground that it disclosed no right or cause of action, except in the alternative claim, and pleaded the prescription of one year under Civ. Code La. art. 3536, and section 31 of the Burke-Roberts Employers' Liability Act of Louisiana (Act 20 of 1914 as amended). Plaintiff then filed an amended petition, reiterating most of the allegations of the original petition, and praying for the same amount of damages, but seeking to show that the statute of limitation was tolled, because he did not know the extent of his injuries until less than one year before bringing suit. Paragraph 3 of the amended petition, containing the material averments to that effect, was stricken out on motion of defendant, the exception of no cause of action to the primary claim and the plea of prescription were sustained, and the suit was dismissed. Error is assigned to the action of the court as above indicated.

That plaintiff's right of recovery is only by virtue of the Workmen's Compensation Law is hardly debatable, but we refrain from deciding that question, as in the view we take of the case it is necessary to consider only the plea of prescription. Undoubtedly, under the law of Louisiana (Civil Code, art. 3536; section 31, Act 20 of 1914), plaintiff's cause of action is barred by the limitation of one year on either aspect of the case, unless his contention that the statute did not begin to run from the date of the accident prevails.

It may be conceded that the Supreme Court of Louisiana recognizes the doctrine contended for by plaintiff. The rule was aptly stated by the late Judge Newman, speaking for this court in American Tobacco Co. v. People's Tobacco Co., 204 F. 58, as follows: "It is the lack of knowledge of the facts which would give it [referring to plaintiff] a cause of action, and its inability for that reason to bring suit, that tolls the statute."

As a decision in any case depends upon the facts peculiar to it, the problem confronting us is to determine whether the facts shown by the sworn pleadings, which must be taken as true, bring the case presented within the rule just stated. The cause of the accident

and the resulting injuries to plaintiff are set out in paragraphs 3 and 4 of his original petition, which we here reproduce:

"That after plaintiff had reported to defendant's foreman for work, as aforesaid, to wit, on June 1, 1922, and while plaintiff was engaged in the course of his employment he was directed by said defendant and its said foreman to assist some six other employees, in the hoisting and lifting of a telegraph pole into position; that said pole was approximately 30 feet long and weighed between 2,000 and 4,000 pounds; that the place and point where the plaintiff was working was near a railroad track; that the hole into which the butt or large end of said pole was to be placed had been dug, and the said defendant and its said foreman had directed the placing, and had placed said pole across the railroad track, lying at right angles on an embankment, so as to be elevated somewhat above the hole in which it was to be placed; that plaintiff and said other men then and there took their position by said pole, four on one side of the same and three on the other, and proceeded to lift the same by the use of sharp pointed poles or spikes so as to hoist the smaller end of said pole into the air and insert the larger end into the hole theretofore prepared for same; that while so lifting and hoisting said pole the same, through the negligence of defendant and its said foreman, was allowed to turn, slip, and fall, striking plaintiff first on top of the head, tearing away a part of the scalp, rendering him semiconscious, and staggering him to his knees and against the ground, from which position said pole, after hitting the ground and rebounding again, struck plaintiff on his side and back, and with such force and violence that such contact threw him about 20 feet where he lay in a bundled position, helpless and in great pain and anguish, and injuring him, as hereafter more particularly alleged; that said injuries so received by plaintiff were proximately caused by the negligence of the defendant and its said foreman, agents and servants in this: * * *

"Plaintiff further avers that, as a result of the foregoing accident and the negligence on the part of the defendant, he not only received a severe scalp wound, but, in addition, internal injury to his head, permanently affecting his eyesight and hearing, and which eyesight and hearing began to fail and become first noticeable in the summer of 1924; that said injuries have also affected plaintiff's mind and reasoning powers, and to such an extent that he was not accountable for his acts and conduct for nearly two years after

the accident; that said injuries have caused a posterior condition of the spine between the sixth and twelfth vertebræ, irregularity of the lower ribs on both sides, and that the right innominate is slightly twisted, and in fact plaintiff has a broken back; that all of these injuries are noncurable; that said injuries seriously and permanently interfere with all muscles in said plaintiff's back, and interfere with all the motions of plaintiff's body, and have given him a peculiar and unnatural position when standing, and a peculiar gait in walking; that said injuries have not only permanently impaired plaintiff's eyesight and hearing, but, in addition, caused dizziness, sleepy spells, severe headaches, and upsetting pains in the stomach, and, in fact, said injuries are such that they have impaired the whole of plaintiff's physical body, causing, among other things, a loss of manhood, and that he now, and has continually since the date of said accident, suffered great physical pain and mental anguish; that said injuries are not only permanent, but that the plaintiff is permanently disabled to work in his usual vocation, and that his earning capacity is decreased for life more than one-half; that plaintiff will continue to suffer great physical pain and mental anguish during the remainder of his life because of said injuries, and that said injuries will continue to become more aggravated; that before such injuries plaintiff was strong and healthy, and was able to work and earn money, and was actually earning on said date the sum of $110 per month, and was capable of earning, and but for said injury would now be earning, the sum of $150 per month; that at the time of the injury he was 52 years of age and had a reasonable expectancy of 20 years; that at the time of the injury he was not only an able-bodied man in good health, but that he weighed 165 pounds, and that as a result of said injury he now weighs 135 pounds; that all such injuries were directed and proximately caused by the defendant's, its agent's or employees' neglect as hereinabove shown, to the plaintiff's damage in the sum of $30,000, the amount for which he sues."

Paragraph 3 of the amended petition, which seeks to show that prescription was suspended, is as follows:

"Plaintiff further avers that as a result of being struck by said pole, as hereinabove alleged, he received several injuries of a temporary nature consisting of lacerations, bruises, sprains, etc., which were very painful and as a result of which plaintiff was confined to his bed for some weeks, and from which he slowly recovered, but that such in-

juries caused him no pecuniary loss, for the reason that he remained in the employ of defendant, who continued to pay him his wages, and who paid the expenses incurred for his medical aid and attention, and that he thereafter continued in the employment of said defendant for a period of more than 18 months; that such temporary injuries, though painful and from which his recovery was slow, but complete, were not of such nature and character as to apprise him of the fact that serious and permanent injuries and disability would or might result from said accident, but plaintiff further avers that he has also sustained, as a consequence of being struck by said pole, as alleged, serious and permanent injuries and disability, the existence, nature, and extent of which was latent and hidden, and not then ascertainable or apparent, and which was undeveloped, and which remained hidden, latent, and undeveloped, and not known to plaintiff until within 12 months prior to the filing of this suit; that his not sooner learning of the existence, nature, and extent of such injuries is in no way attributable to negligence on his part, and that no suit for same could have been maintained by him at any time prior to 12 months before the bringing of this suit, and he now pleads these facts as excusing his not bringing this suit within 12 months after said accident."

Without passing on the correctness of the ruling striking out this paragraph, for the purpose of discussion, we think we may consider it. The amended petition does not in any way change the allegations as to the occurrence of the accident. The allegation of paragraph 3 of the original petition conclusively shows that plaintiff knew he escaped death by a miracle, was temporarily rendered helpless, suffered great pain and anguish, and was seriously injured. Notwithstanding the harrowing story related in paragraph 4, the only averment that plaintiff was unaware of his injury in time to bring suit within the term of limitation is that he first noticed that his eyesight and hearing began to fail in the summer of 1924. Nothing is said as to the time when knowledge of the other injuries came home to him. This paragraph clearly alleges serious permanent injury dating from the day of the accident. Paragraph 3 of the amended petition is not only inconsistent with the allegations of the original petition, but is inconsistent in its own averments. Plaintiff in substance first avers that he received injuries of a temporary nature, which were very painful, and as a result of which he was confined to his bed for some weeks, but from which his recovery was complete. If only temporary injuries resulted from the accident, and his recovery was complete, it is difficult to understand how he can attribute more serious injuries, not manifesting themselves until some 18 months later, to the same cause. Considering both petitions together, it is perfectly plain that plaintiff knew he was seriously and painfully injured at the time of the accident, whether his injuries were temporary or permanent.

In the case of Jones v. Texas & Pacific Railway Co., 125 La. 542, 51 So. 582, 136 Am. St. Rep. 339, relied on by plaintiff, a mule was injured, but apparently not seriously enough to create a cause of action. Subsequently it died, and suit was brought for damages for its death. The suit was entered more than a year after the accident, but less than a year after the death, and the Supreme Court held that the statute was tolled, because the plaintiff did not know that the injuries to the mule were serious. This case is hardly in point, as it involved an injury to property, and not to a person, and, under article 3537 of the Louisiana Civil Code, prescription in such cases does not begin to run until the damage is sustained. Of course, it was not sustained in that case until the death of the mule.

Plaintiff also relies upon the decision in Guderian v. Sterling Sugar & Ry. Co., 151 La. 59, 91 So. 546. In that case plaintiff was employed as a foreman by defendant. He had a difficulty with one of his men, and received a blow over the eye, which required slight medical attention. It was considered trifling by plaintiff, and caused him no loss of time from his work. It was not until some three months later that he learned that his eyesight was failing, due to the blow. The court held that at the time plaintiff received the blow he had no cause of action under the Workmen's Compensation Law and that it did not arise until he lost the use of his eye. That case is not in point as applied to the facts in this case.

If the theory of plaintiff be followed to a logical conclusion, a person might suffer a trifling injury in his youth, and live to a ripe old age before bringing suit. The law does not contemplate such an absurdity. It is only when one does not know that he has suffered an actionable injury that the statute is tolled. Whether his damage be slight, or his injury apparently temporary, or that subsequent developments may entitle him to larger damages, is immaterial.

On the facts shown by the record we must hold that plaintiff's cause of action arose coincident with the accident. He knew at

that time that he was seriously injured and the statute of limitations then began to run. See Connolly v. Steel Corporation, 100 Conn. 423, 123 A. 906; Reading Co. v. Koons, 271 U. S. 58, 46 S. Ct. 405, 70 L. Ed. 835.

No reversible error appearing in the record the judgment of the District Court is affirmed.