STEPHEN REHTARCHIK *vs.* HOYT-MESSINGER CORPORATION ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued March 6th—decided April 3d, 1934.

*Lazarus S. Heyman,* for the appellant (plaintiff).

*John F. Chatfield,* for the appellees (defendants).

MALTBIE, C. J.   From the finding of the commissioner as corrected by him, it appears that the plaintiff had been employed by the defendant employer as a hat sizer for approximately twenty years.   On November 19th, 1931, he stopped work because of illness and the following day called in a physician who found him suffering from phlebitis of both legs and chronic mercurial poisoning.   He returned to work twice thereafter for brief periods, but finally stopped work on April 11th, 1932, and has not worked since.   There was no relationship between the phlebitis and the mercurial poisoning and the former did not arise out of his occupation.   The primary cause of his disability in November, 1931, was the phlebitis, but the mercurial poisoning is sufficient, alone, permanently to incapacitate him and has incapacitated him since May 7th, 1932.

The commissioner found that the plaintiff did not make a written claim for compensation until March 30th, 1933, and denied compensation solely upon the ground that the claim was not made within the time limited by § 5245 of the General Statutes.   On motion of the plaintiff he added to the finding the fact that in August, 1932, a physician acting for the plaintiff wrote to the company which insured the defendant against liability under the Compensation Act, notifying it of the plaintiff's condition.   The claim of the plaintiff is that this constituted a compliance with the requirements of the statute.   Strictly read, the finding, even

as corrected, does not show that the plaintiff's doctor ever sent a report of the plaintiff's condition to the defendant employer, but that is perhaps the fair import of the finding taken as a whole, the doctor so testified, as appears from the evidence printed to secure further corrections in the finding, and we may proceed upon the basis that the report was sent to both the employer and the insurer.

Section 5245 of the General Statutes provides that, with certain exceptions not applicable in this case, "no proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation shall be given within one year from the date of the accident or from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury." In determining what is meant by the words "written notice of claim for compensation," it is necessary also to consider the provisions of § 5232 of the General Statutes, which require that "any employee who shall have sustained an injury in the course of his employment shall forthwith notify his employer, or some person representing him, of such injury; and, on his failure to give such notice, the commissioner may reduce the award of compensation proportionately to any prejudice which he shall find the employer has sustained by reason of such failure." Very clearly the legislature intended by the words we have quoted from § 5245 something more than the notice of injury required by the provisions of § 5232. The distinguishing element must be that under the former the written notice intended is one which will reasonably inform the employer that the employee is claiming or proposes to claim compensation under the Act. In *Connolly* v. *Penn Seaboard Steel Corporation*, 100 Conn. 423, 425, 123 Atl. 906, speaking of a notice of the

injury which the employee had suffered, we said: "One fatal defect of this contention is that the paper in question contained no claim for compensation and was in no particular a claim for compensation even defectively stated; at the most it was merely a notice of injury. No written claim for compensation was otherwise served. The plaintiff, therefore, never gave the defendant a written notice of his claim for compensation as required by § 5360 [General Statutes, Rev. 1930, § 5245]."

The notice which the commissioner has found to have been given in this case by the plaintiff's physician was merely a notice of the plaintiff's condition, and even if we have resort to the evidence printed in the effort to correct the finding, or to a letter signed by the physician but addressed to no one, which is printed in the record as an exhibit, and may have been the notice referred to by the doctor, we find nothing to give to the finding a greater import. There is nothing in the record upon the basis of which we can conclude that the commissioner erred in finding that a written notice of a claim for compensation was not given until March 30th, 1933. Assuming that the first manifestation of a symptom of the mercurial poisoning did not occur until the plaintiff was examined by the doctor on November 20th, 1931, there was no compliance with the requirements of § 5245 of the General Statutes.

The plaintiff sought and obtained an addition to the finding of certain facts upon the basis of which he claims that the defendants waived compliance with the requirements of the statute and were estopped from taking advantage of any failure to comply with it; and he also sought to add to the finding a statement that he made these claims before the commissioner, an addition which the commissioner refused to make. There is no need to discuss the plaintiff's tech-

nical position as regards these claims, for the requirement of a written notice of claim for compensation is of the essence of the employee's right under the Act and a failure to comply with it cannot be waived or avoided upon equitable grounds. *Walsh* v. *Waldron & Sons,* 112 Conn. 579, 585, 152 Atl. 298. As the plaintiff failed to give a written notice of a claim for compensation within the time fixed by the statute, the commissioner was correct in dismissing the claim and the Superior Court was not in error in sustaining his decision. *Farmer* v. *Bieber-Goodman Corporation,* 118 Conn. 299, 172 Atl. 95.

There is no error.

In this opinion the other judges concurred.