## MARY CHAMBERS *v.* ELECTRIC BOAT CORPORATION ET AL.
### (SC 17709)

Borden, Norcott, Katz, Palmer and Zarella, Js.*

---

* The listing of justices reflects their seniority status on this court as of the date of argument.

Argued February 9—officially released September 18, 2007

*Amy M. Stone*, with whom was *Richard L. Gross*, for the appellant (plaintiff).

*Robert S. Bystrowski*, with whom was *Cristin E. Sheehan*, for the appellee (named defendant).

*Lucas D. Strunk*, for the appellee (defendant ACE USA/St. Paul Travelers Insurance Company).

*Opinion*

BORDEN, J. The plaintiff, Mary Chambers, appeals[1] from the decision of the compensation review board (board) affirming the decision of the workers' compensation commissioner for the eighth district (commissioner) dismissing the plaintiff's claim against the defendants, Electric Boat Corporation and its insurer, ACE USA/St. Paul Travelers Insurance Company, for dependent's benefits under the state Workers' Compensation Act (state act), General Statutes § 31-275 et seq. The plaintiff claims that the commissioner improperly

---

[1] The plaintiff appealed to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

construed General Statutes (Rev. to 1979) § 31-294,[2] which was repealed and is presently codified at General Statutes § 31-294c (a), to deprive the commissioner of subject matter jurisdiction over the plaintiff's claim for dependent's benefits under General Statutes (Rev. to 1979) § 31-306 (b),[3] following the death of her husband, Peter Chambers (decedent). Specifically, we consider whether, under the limitations periods applicable in 1979, a dependent has filed a timely claim for dependent's benefits when the employee had filed a federal, but not a state, occupational disease claim during his life and died more than two years after the first manifestation of his disease. We answer that question in the negative and, accordingly, we affirm the decision of the board.

---

[2] General Statutes (Rev. to 1979) § 31-294 provides in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within such two-year period or within one year from the date of death, whichever is later. Such notice may be given to the employer or the commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting therefrom, or the date of the first manifestation of a symptom of the occupational disease and the nature of such disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. . . ."

Although the legislature has changed the limitations period to read "one year from the date of the accident or *within three years* from the first manifestation of a symptom of the occupational disease"; (emphasis added) General Statutes § 31-294c (a); the relevant parts of the statute remain unchanged. Hereafter, unless otherwise indicated, we refer to the current revision of § 31-294c (a) throughout this opinion.

[3] General Statutes (Rev. to 1979) § 31-306 (b) provides in relevant part: "Compensation shall be paid [to dependents] on account of death resulting from an accident arising out of and in the course of employment or from an occupational disease . . . ." Although the legislature has amended § 31-306 since 1979, those amendments are not relevant to this appeal.

As set forth in the decision of the board, the relevant facts and procedural history are as follows. "The decedent was employed at the Electric Boat [Corporation] shipyard. On or about July 30, 1979, he filed a claim under the [Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (federal act)] claiming he suffered from a work-related lung ailment. In October, 1980, he ceased working at Electric Boat [Corporation]. He did not file a [f]orm 30C seeking benefits under [the state act]. On January 31, 1999, [the decedent] died. On March 9, 1999, his widow filed a [f]orm 30C seeking § 31-306 . . . death benefits under Connecticut law. The [defendants] filed a [f]orm 43 contesting the claim, and specifically contested jurisdiction." The commissioner dismissed the plaintiff's claim for lack of subject matter jurisdiction.

The plaintiff subsequently appealed to the board from the commissioner's decision dismissing her claim. The plaintiff claimed that the commissioner improperly had dismissed her claim on the ground of lack of subject matter jurisdiction because the notice of her dependent's claim was timely under § 31-294c (a). The board affirmed the commissioner's decision, and this appeal followed.

The plaintiff claims that the board improperly concluded that the commissioner properly had interpreted § 31-294c (a) to conclude that the plaintiff's claim for dependent's benefits was untimely. Specifically, the plaintiff contends that: (1) the limitations period of § 31-294c (a) for dependents' claims is separate and distinct from the limitations period for injury claims, such that the timely notice of claim by the decedent in his own right is not a prerequisite to her subsequent dependent's claim; and (2) in the alternative, if the timely filing of notice by the decedent in his own right is a prerequisite to her subsequent dependent's claim, then the decedent's claim under the federal act also satisfied the

notice requirement of the state act. We conclude that the timely notice of claim by the decedent is, under the facts of the present case, a prerequisite to the plaintiff's dependents' claim, and we conclude that the decedent's federal act claim did not satisfy the notice of claim required under § 31-294c (a).

"As a threshold matter, we set forth the standard of review applicable to workers' compensation appeals. . . . It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and review board. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . We have determined, therefore, that the traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . . There has been no prior judicial or time-tested interpretation of § 31-294c (a). Accordingly, our statutory analysis accords no deference to the board's interpretation of that statute. . . .

"[W]e are mindful of the principles underlying Connecticut practice in [workers'] compensation cases: that the legislation is remedial in nature . . . and that it should be broadly construed to accomplish its humanitarian purpose. . . . We also recognize, however, that the filing of a timely notice of claim is a condition precedent to liability and a jurisdictional requirement that cannot be waived. . . .

"When interpreting a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent

intent of the legislature. . . . The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. General Statutes § 1-2z." (Citations omitted; internal quotation marks omitted.) *Fredette* v. *Connecticut Air National Guard,* 283 Conn. 813, 820–21, 930 A.2d 666 (2007). Although the defendants contend that § 1-2z governs our review of § 31-294c (a) as it applies to the facts of this case, we find the statutory scheme "difficult to construe with complete consistency . . . ." Id., 820. "Accordingly, our analysis is not limited, and we, therefore, apply our well established process of statutory interpretation, under which we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case . . . .

"In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . We have previously recognized that our construction of the [state act] should make every part operative and harmonious with every other part insofar as is possible . . . . In applying these principles, we are mindful that the legislature is presumed to have intended a just and rational result." (Citations omitted; internal quotation marks omitted.) Id., 821–22.

I

The plaintiff first claims that the limitations period of § 31-294c (a) for dependents' claims is separate and

distinct from the limitations period for injury claims, such that the timely notice of claim by the decedent in his own right is not a prerequisite to the plaintiff's subsequent dependent's claim. To the contrary, we conclude that the decedent's timely filing of notice was a prerequisite to the plaintiff's subsequent dependent's claim because the statute of limitations requires the filing of "some claim" within the applicable limitations period, and because the decedent lived beyond that limitations period without filing a claim within that period.

In *Fredette* v. *Connecticut Air National Guard,* supra, 283 Conn. 822, we addressed the proviso language of § 31-294c (a), namely, "provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later."[4] As part of our analysis of the issue in *Fredette,* we reviewed, as a threshold matter, the operation of the statute absent the foregoing proviso. In so doing, we concluded that the statute of limitations applies "to *all* potential claims under the act, including claims of the employee's estate or his dependents." (Emphasis in original.) *Fredette* v. *Connecticut Air National Guard,* supra, 824. "Concomitantly, [we stated that] we conclude that the timely filing of any compensable claim under the act has the effect of satisfying the limitations period for all potential claims under the act. Because the limitations period begins to run when at least *some claim* has vested, however; *Tolli* v. *Connecticut Quar-*

---

[4] Although we analyzed the current revision of the statute in that case; see General Statutes § 31-294c (a); none of the amendments to the statute since 1979 alters the applicability of our analysis in *Fredette* to the present case. See footnote 2 of this opinion.

*ries Co.*, 101 Conn. 109, 114, 124 A. 813 (1924) ('fixing the time of an injury at which some claimant would have the right to have compensation begin'); we also conclude that the failure to file any compensable claim within the applicable limitations period would have the effect of barring all claims under the act, irrespective of whether they yet had become compensable." (Emphasis in original.) *Fredette* v. *Connecticut Air National Guard*, supra, 824.

We then elaborated that "§ 31-294c (a) requires, not that claims under the act be brought in any particular order, but rather that a compensable claim be filed within the applicable limitations period, irrespective of [who brings that initial claim]. In the case of an instantaneously fatal injury, for example, the claims of the decedent's estate and his dependents immediately would become compensable, and the filing of either claim would satisfy the limitations period for both. In the case of an employee who survives his injuries, however, his estate and dependents must wait until the employee's death to file their claims. See *Duni* v. *United Technologies Corp.*, [239 Conn. 19, 25, 682 A.2d 99 (1996)]. *In [that] scenario, if the employee had lived beyond the expiration of the limitations period and had failed to make a timely claim, the employee's estate and dependents' claim would be time barred.* If, however, the employee had filed a timely claim during his lifetime, that claim would have had the effect of satisfying the limitations period with respect to the claims of his estate and dependents."[5] (Emphasis added.)

---

[5] In *Fredette* v. *Connecticut Air National Guard*, supra, 283 Conn. 825 n.12, we took pains to distinguish between the general limitations period of § 31-294c, which is applicable to all claimants, and the specific limitations period that is applicable to a dependent whose decedent had filed a timely claim during his lifetime but died more than two years after the first manifestation of a symptom of the disease. We said that "we do not suggest, that after the death of a decedent who *had* filed a timely claim during his lifetime, there is *no* subsequent time limitation on the filing of a separate claim by his dependents or legal representative. If there were no such time limitation,

*Fredette* v. *Connecticut Air National Guard*, supra, 283 Conn. 824–25.

In the present case, because the decedent died *more than two years* after the first manifestation of a symptom of his occupational disease, the applicable statute of limitations was one year from the first manifestation of a symptom of that occupational disease. See General Statutes (Rev. to 1979) § 31-294 ("[n]o proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given *within one year* from . . . the first manifestation of a symptom of the occupational disease . . . provided, *if death has resulted within two years* from the date of the . . . first manifestation of a symptom of the occupational disease, a dependent or dependents . . . may make claim for compensation within such two-year period or within one year from the date of death" [emphasis added]). Therefore, the only compensable claim during the entire limitations period was that of the decedent, because the claims of the estate and dependents did not vest until the employee's death. *Duni* v. *United Technologies Corp.*, supra, 239 Conn. 25. Accordingly, although the timely notice of an employee's claim is *not* necessarily a prerequisite to a dependent's claim, the timely notice of claim by the decedent is a prerequisite in the present case because

the employer would have no timely notice of a dependent's claim. . . . We need not decide that question in the present case, however, because the only claim filed was that of the [dependent], and it was filed within three years of the first manifestation of a symptom of the disease." (Emphasis in original.) Id.

Because we conclude, in the present case, that the decedent did *not* file a timely claim under the state act during his lifetime, and because he died more than two years after the first manifestation of a symptom of the disease; see General Statutes § 31-294c (a); we again do not address the "subsequent time limitation on the filing of a separate claim by [the decedent's] dependents or legal representative." *Fredette* v. *Connecticut Air National Guard*, supra, 283 Conn. 825.

the decedent was the only potential claimant capable of satisfying the statute of limitations.

The plaintiff argues that dependents' claims are "separate and distinct from underlying injury claims," and that the legislature "used the word 'provided' in § 31-294 to distinguish the filing requirements for injury claims from the filing requirements for death claims." Relying on the proviso language of the statute, the plaintiff specifically contends that the only requirement for death claims "is that the notice of claim be filed within one year of the date of death or within two years of the accident or first manifestation of the occupational disease that caused the death, whichever is later."[6] See General Statutes § 31-294c (a) ("provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later"). We disagree.

Dependents' claims are separate and distinct from underlying injury claims; *Biederzycki* v. *Farrel Foundry & Machine Co.*, 103 Conn. 701, 704–705, 131 A. 739 (1926); and a dependent may not rely on the

---

[6] In support of her argument that dependents' claims are independent of their decedents' claims, the plaintiff also cites several decisions of our sister states. See, e.g., *Berkebile* v. *Workers' Compensation Appeals Board*, 144 Cal. App. 3d 940, 193 Cal. Rptr. 12 (1983); *Hampton* v. *Dept. of Labor & Employment*, 31 Colo. App. 141, 500 P.2d 1186 (1972); *Bethenergy Mines, Inc.* v. *Easterling*, 776 S.W.2d 842 (Ky. App. 1989); *Pardeick* v. *Iron City Engineering Co.*, 220 Mich. 653, 190 N.W. 719 (1922); *Ingalls Shipbuilding Corp.* v. *Harris*, 187 So. 2d 886 (Miss. 1966); *State Industrial Ins. System* v. *Lodge*, 107 Nev. 867, 822 P.2d 664 (1991); *Wray* v. *Carolina Cotton & Woolen Mills Co.*, 205 N.C. 782, 172 S.E. 487 (1934). These cases, however, " 'are of limited assistance, because the courts are construing the terms of their own [a]cts which generally differ materially from our [a]ct.' " *Pokorny* v. *Getta's Garage*, 219 Conn. 439, 460–61 n.15, 594 A.2d 446 (1991), quoting *Esposito* v. *Marlin-Rockwell Corp.*, 96 Conn. 414, 419, 114 A. 92 (1921).

claim of his decedent, but rather he must file his own claim for dependent's benefits under § 31-306. See Public Acts 1998, No. 98-104, § 1 (providing, in response to cases from board precluding dependents' benefits, that, in cases in which employee received benefits at time of death, employer must notify dependents that they must file separate notices of claim to pursue benefits under § 31-306). As we explained in *Fredette*, however, the proviso language of the statute of limitations does not set forth a separate and distinct limitations period for dependents' claims. *Fredette* v. *Connecticut Air National Guard*, supra, 283 Conn. 836. Instead, the proviso serves "as an expansion of the underlying one year limitations period for cases in which the employee had, during his lifetime, failed to satisfy the underlying statute of limitations but still had died relatively swiftly . . . namely, within two years of the injury." (Citation omitted; internal quotation marks omitted.) Id., 834.

As we previously have discussed, the underlying limitations period—under the 1979 revision to the General Statutes applicable in the present case, of one year—applies to *all* claims, unless the employee dies *within two years* of the first manifestation of a symptom of his occupational disease. In that case, a limitations period of the later of two years from the date of the first manifestation or one year from the date of death, whichever is later, controls the claims of his dependents and estate. See General Statutes (Rev. to 1979) § 31-294; *Fredette* v. *Connecticut Air National Guard*, supra, 283 Conn. 832. Because, in the present case, the decedent died more than two years after the first manifestation of his disease, the proviso does not operate to provide the plaintiff with an additional year after her decedent's death to file her claim.

The plaintiff also argues that, when the legislature eliminated a period of repose from the statute in 1959, it "sought to ensure that . . . [a] dependent's right to

death benefits based on occupational disease, would not be barred before those rights had accrued." Our decision in the present case, the plaintiff contends, runs contrary to that intent because it means that the decedent's failure to file a notice of claim within one year from the first manifestation of his disease would have the effect that the legislature intended to prevent, namely, precluding the plaintiff's claim before it vested. We disagree.

In 1927, the legislature inserted the following language into the predecessor statute to § 31-294c (a): "[N]o claim for an occupational disease shall be made by an employee or his dependents against the employer in whose employ the disease is claimed to have originated, except while the employee is still in such employ, or within three years after leaving such employ." Public Acts 1927, c. 307, § 5. The legislature extended the three year period of repose to five years in 1939; see General Statutes (1939 Sup.) § 1330e; and removed it altogether in 1959. Public Acts 1959, c. 580, § 8. The effect of the foregoing repose period undoubtedly had been, on occasion, to bar a claimant's cause of action even before that action began to accrue; see *Daily* v. *New Britain Machine Co.*, 200 Conn. 562, 582, 512 A.2d 893 (1986); specifically, in cases in which the employee's occupational disease manifested itself more than five years after the employee ended his employment with the employer allegedly responsible for that disease. See *Rice* v. *Vermilyn Brown, Inc.*, 232 Conn. 780, 792–93, 657 A.2d 616 (1995).

The plaintiff is correct that, under our interpretation of § 31-294c (a), an employee's failure to satisfy the underlying limitations period might similarly extinguish his dependent's claim—which vests upon the employee's death—*before* the employee's death. Whereas the repose period precluded *any* claim more than five years after the employee left the responsible employer, under

§ 31-294c (a), however, the decedent can preserve his dependents' claims by timely filing his own notice of claim. Such a relationship between the employee's and his dependents' claims is consistent with the nature of dependents' claims; see *Duni* v. *United Technologies Corp.*, supra, 239 Conn. 25 ("the availability of survivorship benefits under § 31-306 is inextricably linked to, and wholly dependent upon, the existence of a compensable injury or illness suffered by the employee"); insofar as the employee has as much choice to file a claim as he has to enter into a full and final settlement of that claim. See id., 20.

II

We have concluded that: (1) "in any claim based on an occupational disease, whether for benefits payable to the employee during his lifetime or to the dependents or his estate after the employee's death, *some claim* must be filed" within the applicable limitations period; (emphasis in original) *Fredette* v. *Connecticut Air National Guard*, supra, 283 Conn. 838; which, in the present case, was one year from the date of the first manifestation of the occupational disease; see General Statutes (Rev. to 1979) § 31-294; and (2) because the decedent died more than two years after the first manifestation of his occupational disease, and because the plaintiff's claim did not vest until the decedent's death, the timely filing of a notice of claim by the decedent is a prerequisite to the plaintiff's claim. Accordingly, we now turn to the second, alternative claim of the plaintiff, namely, that the claim of the decedent under the federal act satisfied the notice of claim requirements of the state act. We conclude, to the contrary, that the language of § 31-294c (a) and case law interpreting the statute make clear that sufficient "notice of claim for compensation" requires, not simply that the plaintiff alert the employer or the commissioner to the existence of any compensable claim, but rather that the plaintiff

inform the employer or commissioner of his or her intent specifically to pursue such a claim under the state act.

We begin our analysis with the language of the statute. Section 31-294c (a) provides in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given . . . . Notice of a claim for compensation may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident, or the date of the first manifestation of a symptom of the occupational disease and the nature of the disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. . . ." In the present case, the parties agree that the decedent's notice of claim under the federal act stated "in simple language . . . the date of the first manifestation of a symptom of the occupational disease and the nature of the disease . . . and the name and address of the employee and of the person in whose interest compensation is claimed. . . ." General Statutes § 31-294c (a). The issue, therefore, is whether, by "notice of claim for compensation," the legislature intended to limit the term "compensation" to mean compensation *under the state act*. We conclude that it did.

In analyzing this language, we do not write on a clean slate. In fact, we specifically considered "what is meant by the words 'written notice of claim for compensation'" in *Rehtarchik* v. *Hoyt-Messinger Corp.*, 118 Conn. 315, 317, 172 A. 353 (1934). In that case, we considered whether a physician's letter to the employer's insurer, notifying it of the employee's injury, "constituted a compliance with the requirements of the statute." Id., 316. We were persuaded that it did not, in part because of a provision of General Statutes (1930

Rev.) § 5232, a predecessor to § 31-294c (a), which provided in relevant part that "any employee who shall have sustained an injury in the course of his employment shall forthwith notify his employer, or some person representing him, of such injury; and, on his failure to give such notice, the commissioner may reduce the award of compensation proportionately to any prejudice which he shall find the employer has sustained by reason of such failure." (Internal quotation marks omitted.) *Rehtarchik* v. *Hoyt-Messinger Corp.*, supra, 317.[7] This court concluded that the legislature intended by the words "notice of claim for compensation" something more than the notice of injury required by the provisions of § 5232. Id. "The distinguishing element [we stated] must be that under the former the written notice intended is one which will reasonably inform the employer that the employee is claiming or proposes to claim *compensation under the [a]ct.*" (Emphasis added.) Id.; see also *Connolly* v. *Penn Seaboard Steel Corp.*, 100 Conn. 423, 425, 123 A. 906 (1924) (distinguishing notice of injury from notice of claim).

We reached a similar conclusion in *Kuehl* v. *Z-Loda Systems Engineering, Inc.*, 265 Conn. 525, 829 A.2d 818 (2003). In that case, an employee, who was injured in a car accident, filed a timely notice of claim under the state act. Id., 527–28. In addition, the employee and his wife initiated a third party action against the driver and owner of the other vehicle involved in that accident. Id., 529. Subsequent to the death of the employee, the employee's wife amended the complaint in the third party action to allege that the employee's death was a

---

[7] This provision also appeared in General Statutes (Rev. to 1979) § 31-294, which provides that "[a]ny employee who has sustained an injury in the course of his employment shall forthwith notify his employer, or some person representing him, of such injury; and, on his failure to give such notice, the commissioner may reduce the award of compensation proportionately to any prejudice which he finds the employer has sustained by reason of such failure" and is presently codified at General Statutes § 31-294b.

consequence of the injuries that he had sustained in the accident. Id. Although the wife sent a copy of that amended complaint to her husband's former employer less than one year after his death, she formally filed her claim for survivor's benefits more than five years thereafter. See id., 530. On appeal to this court, the wife claimed that her untimely notice was not fatal to her claim for benefits, in part, because the amended complaint constituted sufficient notice. Id.

In rejecting that argument, we indicated that constructive notice of a potential claim does not equate with specific notice of an actual one. Id., 532. Quoting from *Rehtarchik* v. *Hoyt-Messinger Corp.*, supra, 118 Conn. 317, we stated that "the written notice required . . . must 'reasonably inform the employer that the employee [or dependent] *is claiming or proposes to claim compensation under the [state act]* . . . .' " (Emphasis added.) *Kuehl* v. *Z-Loda Systems Engineering, Inc.*, supra, 265 Conn. 534. We rejected the plaintiff's claim because the "[t]he amended complaint . . . contained *no indication that the plaintiff was seeking or intended to seek . . . benefits* . . . ." (Emphasis added.) Id., 535. Moreover, we concluded that the employer's mere "recognition of the fact that the [wife] *might* seek benefits as a consequence of the decedent's death" was insufficient to constitute notice. (Emphasis in original.) Id., 536.

Moreover, the context of § 31-294c (a); see General Statutes § 31-275;[8] supports our conclusion that the

---

[8] The legislature, since 1991, expressly has defined "compensation" in General Statutes § 31-275 as follows: "As used in this chapter, unless the *context* otherwise provides . . . (4) 'Compensation' means benefits or payments mandated *by the provisions of this chapter* . . . ." (Emphasis added.) Public Acts 1991, No. 91-32, § 1. We previously have considered subsequent enactments in order to illuminate the legislature's intent with respect to prior legislative action. *Weinberg* v. *ARA Vending Co.*, 223 Conn. 336, 346, 612 A.2d 1203 (1992).

"notice of claim for compensation" must indicate that compensation is claimed under the state act. Section 31-294c (a) provides in relevant part: "No proceedings for compensation *under the provisions of this chapter* shall be maintained unless a written notice of claim for compensation is given . . . ." (Emphasis added.) Put another way, a "notice of claim for compensation" is a condition precedent to "proceedings for compensation." It is logical, therefore, to conclude that the legislature intended the "compensation" for which notice is given to be the same "compensation" for which proceedings are maintained, namely, "compensation *under the provisions of this chapter* . . . ." (Emphasis added.) General Statutes § 31-294c (a).

On the basis of the language of § 31-294c (a), as well as the case law interpreting the statute, we conclude that, in addition to the requirements explicitly set forth in the statute,[9] sufficient "notice of claim for compensation" under § 31-294c (a) requires that the plaintiff reasonably inform the employer or commissioner of his or her intent to pursue a claim specifically under the state act.

In the present case, the decedent filed a claim for benefits under the federal act on July 30, 1979. He did so on a form produced by the federal Department of Labor, which form referenced sections of the federal act and included the language, "I hereby make a claim for compensation benefits, monetary and medical, under the [Longshore and Harbor Workers' Compensa-

---

[9] At the time of the first manifestation of a symptom of the decedent's occupational disease, General Statutes (Rev. to 1979) § 31-294 provided in relevant part: "[N]otice of claim for compensation . . . shall state, in simple language, the date and place of the accident and the nature of the injury resulting therefrom, or the date of the first manifestation of a symptom of the occupational disease and the nature of such disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. . . ."

tion] Act." The notice of claim form made no reference to the state act, nor did the decedent separately indicate that he simultaneously intended to claim benefits under the state act. Moreover, at the time of the decedent's claim, it was commonly understood that the federal and state acts were mutually exclusive.[10] Accordingly, far from evincing an intent to pursue a claim under the state act, the decedent's decision to pursue benefits under the federal act, at the time, would have been seen as an election *not* to pursue benefits under the state act.

The plaintiff argues that the decedent's claim under the federal act satisfies the notice requirement of § 31-294c (a) principally because it included several factual elements that are common to claims under both the federal and state acts, namely, the decedent's name and address, the employer's name and address, the date that the decedent was diagnosed with the disease, and the allegation that he had acquired his disease from his occupation. See General Statutes § 31-294c (a) ("[n]otice . . . shall state, in simple language . . . the date of the first manifestation of a symptom of the occupational disease and the nature of the disease . . . and the name and address of the employee and of the person in whose interest compensation is claimed"). We disagree.

As previously discussed, the relevant inquiry when evaluating a notice of claim under § 31-294c (a) is whether it adequately apprises the employer, not only of those elements, but also of the employee's intent to seek benefits under the state act. When viewed in this context, the notice of claim under the federal act does not satisfy the notice requirement of § 31-294c (a) because it made no indication that the decedent

---

[10] It was not until 1980, that the United States Supreme Court concluded that "federal jurisdiction supplements, rather than supplants, state compensation law." *Sun Ship, Inc.* v. *Pennsylvania,* 447 U.S. 715, 720, 100 S. Ct. 2432, 65 L. Ed. 2d 458 (1980).

intended to pursue benefits under the state act. Indeed, because benefits under the federal act do not track precisely the benefits under the state act, in some instances, the inquiry that the employer may take to investigate the claims may differ.

We also are unpersuaded by the plaintiff's reliance upon *Tardy* v. *Abington Constructors, Inc.*, 71 Conn. App. 140, 150, 801 A.2d 804 (2002), for the proposition that "strict compliance with a notice of claim is not required as long as it puts the employer on notice to make a timely investigation." The alleged defects in the notice of claim in that case involved mistakenly listing the place of injury instead of the place of death, and listing the decedent as a claimant, as opposed to his estate. Id., 149. In holding that the claim nonetheless was adequate, the Appellate Court relied upon our statement in *Pereira* v. *State*, 228 Conn. 535, 543 n.8, 637 A.2d 392 (1994), that, "if the notice of claim is sufficient to allow the employer to make a timely investigation of the claim, it triggers the employer's obligation to file a disclaimer." In order, however, for "the employer to make a timely investigation of *the claim*"; (emphasis added) id.; an employer must, at a minimum, know what that claim is.

Finally, we disagree with the plaintiff's argument that, at worst, the failure of the decedent to indicate his intent to pursue benefits under the state act should be deemed a defect or inaccuracy of notice, which "shall [not] bar maintenance of proceedings unless the employer shows that he was ignorant of the facts concerning the personal injury and was prejudiced by the defect or inaccuracy of the notice. . . ."[11] General Stat-

---

[11] In support of this argument, the plaintiff has cited a decision of the board that she contends controls the present appeal, namely, *DeMello* v. *Cheshire*, No. 03633 CRB-08-97-06 (August 26, 1998). In that case, the board considered whether a claim for benefits under General Statutes § 7-433c also constituted notice under the state act. Section 7-433c "provide[s] special compensation to qualifying policemen and firemen who die or become disabled as a result of hypertension or heart disease." (Internal quotation

utes § 31-294c (c). The failure to have filed a notice of claim is, not simply a defect in notice, but rather no notice at all. See *Kuehl* v. *Z-Loda Systems Engineering, Inc.*, supra, 265 Conn. 537–38.

The decision of the compensation review board is affirmed.

In this opinion the other justices concurred.

marks omitted.) *Collins* v. *West Haven*, 210 Conn. 423, 426, 555 A.2d 981 (1989). In *DeMello*, the board concluded that, in light of the § 7-433c claim, the absence of a separate notice of claim under the state act constituted, at most, a defect in notice, which required the employer "to show that it was prejudiced by the defects in the notice and that it was ignorant of the circumstances of the injury." *DeMello* v. *Cheshire*, supra, No. 03633 CRB-08-97-06.

The board, in its decision in the present appeal, distinguished *DeMello*, stating that the "primary rationale in [that] decision was the juxtaposition of state workers' compensation statutes and state heart and hypertension statutes." We need not determine whether the board clarified or overruled its earlier decision in *DeMello*. The determination of a legal issue of first impression by the board is not binding on this court. *Pokorny* v. *Getta's Garage*, 219 Conn. 439, 460–61 n.15, 594 A.2d 446 (1991). We acknowledge, however, that in *Collins* v. *West Haven*, supra, 210 Conn. 431, we concluded that a police officer's claim under the state act constituted sufficient notice under § 7-433c. Because of the unique relationship between the state act and § 7-433c, we find that case inapposite to the present one.

As we stated in *Collins*, "while the [state act] and § 7-433c are separate pieces of legislation, [t]he procedure for determining recovery under § 7-433c is the same as that outlined in chapter 568, [the state act] presumably because the legislature saw fit to limit the procedural avenue for bringing claims under § 7-433c to that already existing under chapter 568 rather than require the duplication of the administrative machinery available . . . ." (Internal quotation marks omitted.) Id., 429–30.